## GEORGE A. FULLER COMPANY v. McCLOSKEY.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 176. Submitted March 7, 1913.—Decided April 7, 1913.

The averments in the declaration when taken together, *held* sufficient to allow proof of negligence on the part of one defendant, although one specific charge related exclusively to the other defendant as to whom the case was dismissed.

A modification of the requested charge so as to make it conform to the facts of the case, *held* in this case not to have been error, the jury having been properly instructed by the court on the subject of contributory negligence.

A variance between proof and declaration should be called to the

attention of the trial court when the declaration can be met by an immediate amendment.

A contractor erecting a building arranged with another and independent contractor who was putting in the elevator to use and control the elevator and an operator therefor before it was turned over to the owner; he also arranged to allow his own subcontractor painting the elevator shaft to use the elevator and to signal when and where the elevator was to stop to let the employés off and take them on. *Held* that the contractor was the sole master and was responsible for damages sustained by an employé of the subcontractor resulting from negligence of the operator in failing to respond to signals properly given by such employé.

35 App. D. C. 595, affirmed.

THE facts, which involve the liability of a contractor for personal injuries caused by negligence in operating an elevator, are stated in the opinion.

*Mr. Edward S. Duvall, Jr.*, for plaintiff in error:

It was error in the trial court to decide, as matter of law, under the evidence, that the elevator boy was the servant of the Fuller Company. *Standard Oil Co.* v. *Anderson*, 212 U. S. 215; *Byrne* v. *Kansas City R. R. Co.*, 61 Fed. Rep. 609; *Powell* v. *Construction Co.*, 88 Tennessee, 692; *The Elton*, 142 Fed. Rep. 367; *Rourke* v. *White Moss Colliery Co.*, L. R. 2; C. P. D. 205; *Murrie* v. *Currie*, L. R. 6; C. P. 24; *Donovan* v. *Construction Syndicate*, 1 Q. B. (1893) 629; *Wylie* v. *Palmer*, 137 N. Y. 248; *McInerney* v. *Delaware & Hudson C. Co.*, 151 N. Y. 411; *Delory* v. *Blodgett*, 185 Massachusetts, 126; *D., L. & W. R. Co.* v. *Hardy*, 59 N. J. L. 35; *Parkhurst* v. *Swift*, 31 Ind. App. 521; *Anderson* v. *Boyer*, 156 N. Y. 93; *Connor* v. *Koch*, 63 App. Div. (Sup. Ct. N. Y.) 257. See also *Ches. & O. Ry. Co.* v. *Howard*, 178 U. S. 153; *Guy* v. *Donald*, 203 U. S. 399.

There is no sufficient allegation of negligence against the Fuller Company in the declaration, nor is there any evidence sufficient to support a verdict against that company.

It is an important test of liability whether the company reserve the power not only to direct what shall be done, but how it shall be done. *Railroad Co.* v. *Hanning*, 15 Wall. 649; *Singer Mfg. Co.* v. *Rahn*, 132 U. S. 518; *Casement* v. *Brown*, 148 U. S. 622; *B. & O. R. R. Co.* v. *Baugh*, 149 U. S. 368. See also *Morgan* v. *Smith*, 159 Massachusetts, 570; *Geer* v. *Darrow*, 61 Connecticut, 220; *Charlock* v. *Freel*, 125 N. Y. 357; *Bailey* v. *Troy & B. R. Co.*, 57 Vermont, 252; *Johnston* v. *Ott*, 155 Pa. St. 17.

If an independent contractor is employed to do a lawful act, and in the course of the work his servants commit some casual act of wrong or negligence, the employer is not answerable. 2 Kent Com., p. 260; *Reedie* v. *London & N. W. R. Co.*, 4 Exch. 244, 256; *Overton* v. *Freeman*, 11 C. B. 867; *Gayford* v. *Nichols*, 9 Exch. 702, 707; *Peachy* v. *Rowland*, 13 C. B. 182; *Forsyth* v. *Hooper*, 11 Allen, 419; *Hilliard* v. *Richardson*, 3 Gray, 349; *Blake* v. *Ferris*, 1 Seld. 48; *Pack* v. *New York*, 8 N. Y. 222; *De Forrest* v. *Wright*, 5 Michigan, 368; *Painter* v. *Pittsburgh*, 46 Pa. St. 213; *Eaton* v. *European & N. A. R. Co.*, 59 Maine, 520; *McCarthy* v. *Second Parrish*, 71 Maine, 318; *Cunningham* v. *International R. R. Co.*, 51 Texas, 503; *King* v. *N. Y. Cent. R. Co.*, 66 N. Y. 181. See also *Schnurr* v. *Board of Com'rs of Huntington Co.*, 22 Ind. App. 188; *Sullivan* v. *New Bedford Gas & Edison Light Co.*, 190 Massachusetts, 288; *Hooe* v. *Boston & N. St. Ry. Co.*, 187 Massachusetts, 67; *Laugher* v. *Pointer*, 5 B. & C. 560; *Clark* v. *Hannibal &c. R. Co.*, 36 Missouri, 202; *Houser* v. *Metropolitan Railroad Co.* 27 Misc. (N. Y.) 538; *Blake* v. *Ferris*, 5 N. Y. 48; *S. C.*, 55 Am. Dec. 304.

The relation between parties which renders one liable to third persons for the acts of negligence of the other must be that of superior and subordinate, and is based on the control which the superior has the right to exercise over the acts of the subordinate in the performance of his duties, and an employer is not so liable for the acts of an

independent contractor, who is never subject to such control, nor is he liable for the acts of the employés and servants of such independent contractor. *Casement* v. *Brown, supra; Robbins* v. *Chicago,* 2 Black, 418, and 4 Wall. 657; *Hill* v. *Schneider* (N. Y., 1897), 13 App. Div. 299; *Uppington* v. *City of New York,* 165 N. Y. 222; *Boomer* v. *Wilbur,* 176 Massachusetts, 482; *Francis* v. *Johnson,* 127 Iowa, 391.

The burden of proof was on the plaintiff to show that the defendant entered into the contract with the Mackay Company to operate the elevator so that the Mackay Company's employés might stand on top of the elevator, etc. *Pa. R. R. Co.* v. *Jones,* 155 U. S. 333; *Tyler* v. *Pa. R. R. Co.,* 18 App. D. C. 31.

It was McCloskey's duty while on the elevator to exercise proper care for his own safety, and the court erred in refusing to grant the defendant's third prayer in that behalf. *Railroad Company* v. *Jones,* 95 U. S. 443.

Assuming that there was any evidence tending to show that Locke was the servant of the Fuller Company, the question should have been submitted to the jury to decide under all the evidence under proper instruction. *Driscoll* v. *Towle,* 181 Massachusetts, 416; *D., L. & W. R. Co.* v. *Hardy,* 59 N. J. L. 35; *Daley* v. *Boston & Albany R. Co.,* 147 Massachusetts, 101; *Connor* v. *Koch,* 63 App. Div. (Sup. Ct. N. Y.) 257.

*Mr. S. V. Hayden* and *Mr. Hayden Johnson* for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This action was brought by Wilson A. McCloskey, the defendant in error, to recover damages for personal injuries caused by alleged negligence in the operation of an

elevator in the Hibbs Building in this District. At the
time of the accident McCloskey, who will be called the
plaintiff, was engaged in painting the elevator shaft and
for this purpose was riding on top of the elevator. The
action was brought against the Otis Elevator Company,
and the plaintiff in error, George A. Fuller Company.
Without objection, a verdict was directed in favor of the
Otis Elevator Company, but the case against the George A.
Fuller Company was submitted to the jury who found
a verdict in favor of the plaintiff. The judgment on this
verdict was affirmed by the Court of Appeals of the Dis-
trict and the case comes here on writ of error. 35 App.
D. C. 595.

The facts appearing upon the trial are succinctly stated
in the opinion of the court below, in which the George
A. Fuller Company is described as the defendant, as
follows:

"The defendant company contracted with William B.
Hibbs to erect for him an office building on 15th Street
is this city. The work was to be completed by a time
certain. This contract did not include the installation of
an elevator. That work was provided for in a contract
between Hibbs and the Otis Elevator Company. The
elevator company installed its elevator long before the
completion of the building. This elevator, down to the
time of the injury to the plaintiff, had not been turned
over to the owner of the building, but was operated by an
employé of the Otis Company, who was paid and gener-
ally controlled by that company. After its installation
the defendant company entered into an arrangement with
the elevator company by which it became entitled to use
this elevator in the prosecution of its work, paying to
the elevator company three dollars per day, which was
to cover the wages of the caretaker or operator aforesaid,
the Otis Company reserving the primary right to use
the elevator. Under this arrangement the defendant

company was to have no control over the elevator operator other than to notify him when to start and when to stop his machine.

"The defendant company entered into a subcontract with the Robert E. Mackay Company of New York for the painting required by its contract with Mr. Hibbs. The plaintiff was an employé of the Mackay Company. The elevator shaft was included in this subcontract. To paint this it was of course necessary that some means be provided whereby workmen could ascend and descend the shaft. Therefore the Mackay Company entered into an agreement with the defendant company by which the defendant company agreed to furnish the Mackay Company, for use in painting said shaft elevator, power and operator at any time that the elevator company or the defendant company did not want them. Nothing whatever was said about the arrangement between the elevator company and the defendant company, the agreement between the Mackay and the defendant company proceeding upon the theory that the equipment and elevator were under the control of the defendant company. The Mackay Company was not to have, and in fact did not have, any control over the operator other than to direct him when to start and when to stop his elevator while thus temporarily used as a movable staging.

"Upon the day of the accident plaintiff and another workman were on the roof of the elevator touching up the walls of the shaft. They had worked down until the floor of the car was on a level with the first floor of the building. To finish the walls of the shaft between the first and second floors of the building, the space then occupied by the body of the car, it became necessary to get under the car. To do this it was necessary for the painters to be taken to the next or second floor landing. The plaintiff was standing on the rim or ledge around the top of the car and facing the centre of the car. He had

a paint box and brush in his hands. The other painter was on another side of the top with his back to the plaintiff. This rim or ledge was about six and one-half inches wide. Plaintiff called to the elevator operator to take him and the other painter up to the second floor and let them off there. There was evidence before the jury that when the car had reached a point where plaintiff had directed that it be stopped, the car paused and suddenly started again, throwing plaintiff off his balance, which he was unable to regain until the car has reached the fifth floor, where he was caught in the weights which passed the car at that point."

The contention based upon the asserted insufficiency of the declaration is without merit. So far as appears the evidence was received without any objection upon this ground, and the assignment of error rests solely upon the refusal of the trial court to grant a general prayer that the court should instruct the jury that "under the pleadings and all the evidence" their verdict should be for the Fuller Company. It is urged that there is no sufficient averment of the negligence of this company and attention is directed to the allegation of the declaration that the plaintiff "requested the said defendant, Otis Elevator Company, its servants and employés to stop said elevator at the second floor, so that he might get off and alight therefrom." It is manifest, however, from the other allegations of the declaration that the plaintiff intended to charge, and did charge, negligence on the part of both defendants. The attention of the trial court was not called to any particular in which the declaration was deemed to be insufficient as against the Fuller Company and no mention was made of the specific point now raised. If this point had been suggested it is apparent that, in view of the allegations contained in the declaration, such variance as there was between pleading and proof could properly have been met by an immediate amendment and the case could

then have been submitted to the jury precisely as it was submitted.

It is also assigned as error that the trial court improperly modified one of the requests of the Fuller Company for instruction upon the subject of contributory negligence. The requested instruction with the modification made by the trial court, which appears in the words italicized, was as follows: "If the Jury find from all the evidence that the accident to the plaintiff was occasioned wholly or in part by reason of the fact that he had placed himself in an exposed and dangerous position on *the ledge around* the top of the elevator car, *with reference to obeying the signals to stop at the second floor, if you find such signals were given* when he might readily have placed himself in a safe and secure position, the verdict should be for the defendant the George A. Fuller Company, regardless of any supposed negligence on the part of the elevator operator and regardless of whether the operator was a servant of the Fuller Company or not." The court undoubtedly added these words because the evidence showed that the plaintiff had asked the operator to stop at the second floor and there was no danger from the weights until the elevator reached the fifth floor. The fact that the plaintiff intended to go only to the second floor and had signaled accordingly was properly to be taken into consideration in passing upon the question whether in the circumstances he acted with reasonable prudence. The court in other portions of the charge correctly instructed the jury on the subject of contributory negligence and there is not the slightest ground for the conclusion that there was any doubt as to the meaning of the court in the words used in modifying the defendant's request, or that any prejudicial error was committed.

The principal argument for reversal is based on the ruling of the trial court that Locke, the operator of the elevator, was the servant of the Fuller Company. The

court below approved this ruling and we find no error in its conclusion. So far as Locke's employment was concerned, there was no dispute as to any matter of fact and the question of the liability of the Fuller Company for his negligence, if he was negligent in the operation of the elevator, was one of law. It cannot be said that, under the arrangement between the Fuller Company and the Mackay Company, Locke was transferred to the employment of the latter. The Fuller Company had contracted for the construction of the building. It had made a subcontract with the Mackay Company which covered the painting of the elevator shaft. It was convenient in doing this that the top of the elevator should be used as a movable platform. But the Fuller Company needed the elevator from time to time for other purposes; and it was important to it that the elevator shaft should be kept free of obstructions and that the elevator should continue to be at its command. Accordingly, the Fuller Company agreed to furnish to the Mackay Company the use of the elevator and the service of the operator, for a specified sum per hour, when the elevator was not otherwise required. The Fuller Company was thus aiding in the prosecution of the work which it had contracted with the owner of the building to perform, and in providing the use of a facility to a subcontractor it secured the doing of the work at the smallest inconvenience to itself. It must be concluded that the operating of the elevator under this arrangement with the Mackay Company was an operating of it by the Fuller Company. It is true that the employés of the Mackay Company were to give the signals for starting and stopping the elevator, but this did not make the operator who received them, the servant of the Mackay Company. These signals simply notified him as to what was required from time to time in the course of the service which the Fuller Company had agreed to provide.

The court below followed the decision of this court in the case of *Standard Oil Co.* v. *Anderson,* 212 U. S. 215. There the plaintiff was employed as a longshoreman by a master stevedore, who was acting under a contract with the defendant, the Standard Oil Company, in loading a ship with oil. The plaintiff was working in the hold where, without fault on his part, he was struck by a load of cases containing oil which was unexpectedly lowered. The ship was alongside a dock belonging to the defendant, and the cases of oil were conveyed from the dock to the hatch by means of tackle, guy ropes and hoisting ropes furnished and rigged by the stevedore. The motive power was supplied by a winch and drum owned by the defendant and placed on its dock. The work of loading was done by employés of the stevedore except that the winch was operated by a winchman in the general employ and pay of the defendant. The stevedore paid the defendant an agreed sum for the hoisting. The winch was placed where it was impossible to determine the proper time for hoisting and lowering the cases of oil, and the winchman necessarily depended upon signals from an employé of the stevedore stationed on the deck of the ship. The negligence consisted in lowering a draft of cases before the signal was received. The court held that the winchman remained the servant of the defendant and affirmed a judgment recovered against the defendant for his negligence. With respect to the argument based on the fact that the winch was to be operated for the stevedore, according to the orders of his employés, Mr. Justice Moody, in delivering the opinion of the court, said: "Much stress is laid upon the fact that the winchman obeyed the signals of the gangman, who represented the master stevedore, in timing the raising and lowering of the cases of oil. But when one large general work is undertaken by different persons, doing distinct parts of the same undertaking, there must be coöperation and coördination, or there will be chaos.

The giving of the signals under the circumstances of this case was not the giving of orders, but of information, and the obedience to those signals showed coöperation rather than subordination, and is not enough to show that there has been a change of masters" (*id.*, p. 226).

In the present case, the Fuller Company obtained the use of the elevator, and the operator, from the Otis Company, and paid therefor. But the Otis Company had nothing to do with the arrangement with the Mackay Company. To this transaction, and to the employing of the top of the elevator as a movable platform for the painters, the Otis Company was a stranger. The Fuller Company, having obtained the use of the elevator, agreed to supply it to the Mackay Company and undertook to furnish that company the necessary service in operating it; it asserted control for this purpose, and assumed the duty of operating with proper care.

*Judgment affirmed.*