### HEADLEY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1923.)

No. 4193.

1. **Post office 🗝48(4)—Indictment for using mails to defraud held sufficient.**

An indictment, under Penal Code, § 215 (Comp. St. § 10385) for using the mails to defraud, *held* sufficient as against the objection that it alleged the connection between the use of the mails and the scheme to defraud as a conclusion, and without setting out the facts on which it is based.

2. **Post office 🗝49—Evidence held to show use of mails to defraud on defendant's initiative.**

Evidence that defendant induced the alleged victim of his fraudulent scheme to deposit his check on a bank located in another city in a local bank, and that bank used the mails in cashing the check, *held* sufficient to show a use of the mails on defendant's initiative.

3. **Post office 🗝49—Evidence held to sustain finding that letter was mailed in Texas as alleged.**

In a prosecution for using the mails to defraud, evidence that a post office was located partly in Texas and partly in Arkansas, and had a mail-receiving drop in each state, and the letter in question was mailed by one who had no independent recollection as to which drop he used, but testified that his usual course of business was to deposit the mail on the Texas side, *held* a sufficient basis for the jury's finding that the letter was mailed on the Texas side as alleged.

🗝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

John W. Headley, prosecuted under the name of J. H. Carter, was convicted of fraudulently using the mails, in violation of Penal Code, § 215, and he brings error. Affirmed.

The letter was alleged to have been placed in the post office at Texarkana, Tex., for the purpose of executing the scheme and artifice to defraud, and in attempting so to do.

J. Q. Mahaffey, of Texarkana, Tex., for plaintiff in error.

Randolph Bryant, U. S. Atty., of Sherman, Tex.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. The plaintiff in error and one C. Edwards were indicted for fraudulently using the mails in violation of section 215 of the Penal Code of the United States (Comp. St. § 10385). The plaintiff in error was tried and convicted upon the first count of the indictment, has sued out this writ of error, and presents three questions for review in argument and brief.

[1] The first relates to the sufficiency of the count of the indictment on which he was convicted. His criticism of it is that it alleges the connection between the use of the mails and the scheme to defraud as a conclusion, and without setting out the facts on which it is based. The case of Tillery v. U. S., 285 Fed. 119, decided by this court, sustained an indictment in which the averment, in this respect, was that the use of the mails was "for the purpose of executing such scheme and artifice to defraud."

[2] The second question presented is whether the evidence was sufficient for the jury to have been justified in finding that the defendants caused a use to be made of the mails in executing the scheme to defraud. The alleged victim, Westeson, made a trip from Texarkana, where the fraud was initiated, to Wichita Falls, to procure the money, which was to be the basis of the bank credit, which the defendants represented to be needed to secure the money, stated by them to have been won by the victim and defendants together. Instead of bringing the money back with him, the victim established a credit in his favor at a bank in Wichita Falls. Upon being informed of this, the defendant Headley expressed his disappointment, and told Westeson that it would take too long to get the money by drawing on the Wichita Falls bank for it, and also said, "We will have to do the best we can about it." Afterwards Westeson deposited his check for $20,000 in the Texarkana bank, which that bank collected for him. The Texarkana bank forwarded Westeson's check by mail to the Wichita Falls bank, and this was the use of the mails relied on in the indictment. The use of the mails by the Texarkana bank would be a use by the defendants, if defendants induced the bank to act. Westeson as a witness testified that the defendants and himself had agreed that he should get the money from Wichita Falls by writing a check in the bank of Texarkana, and that he went according to instructions from the defendants all the way through, because he did not know how to get the

money transferred- to Texarkana himself. This evidence shows or tends to show a use of the mails upon the suggestion and initiative of the defendants. Tillery v. U. S. (C. C. A.) 285 Fed. 119.

[3] The last contention insisted upon by the plaintiff in error is that the record fails to show a mailing of the letter in Texarkana, Tex. This contention is based upon the fact that the post office at Texarkana is partly in Texas and partly in Arkansas with a receiving drop for incoming mail in each state. The witness Chance testified that he mailed the Texarkana bank's mail on the day in question, and that his course of business was to deposit the mail in the drop on the Texas side of the post office; that he had no recollection of ever having used the drop in Arkansas, though he probably might have done so; that he had no independent recollection as to where he mailed the letter in controversy, whether at the drop in Texas, the one in Arkansas, or at the terminal, which was also in Texas, other than derived from his custom, as already stated; that he occasionally deposited mail matter at the terminal, but had no recollection of ever having mailed letters in Arkansas. The evidence showed that, on reaching its destination at Wichita Falls, the letter in question bore a Texarkana postmark, but whether that of Texas or of Arkansas did not appear.

The custom and course of business of the witness Chance as to the place in which he ordinarily deposited mail matter was some evidence that the letter was posted in Texas, and in the absence of contradiction would suffice as a basis for the verdict of the jury. Chance's evidence that it was probable or possible that he might have mailed the letter in Arkansas, though he had no recollection of doing so, was not contradictory evidence. If no effect is to be given to custom and course of business, in view of the modern methods of handling correspondence, the mailing of letters according to usual methods would not admit of legal proof, with consequent miscarriage of justice. If the letter was mailed either in the Texas drop or at the terminal, the requisition of the allegation of the indictment would be met, and jurisdiction also established. Farmer v. U. S., 223 Fed. 903, 139 C. C. A. 341. Only in the event of a mailing in Arkansas would the government's case fail, and there is no evidence of such a mailing in the record.

Other errors are not insisted upon. The judgment of the District Court is affirmed.