## AMERICAN CREOSOTE WORKS, Inc., v. WREN.

(Circuit Court of Appeals, Fifth Circuit.
June 30, 1926. Rehearing Denied
July 24, 1926.)

No. 4753.

**I. Wharves ⚖⇒20(7).**

Liability of dock owner *held* for jury on conflicting evidence, in action by owner of pile drivers and barge, which were destroyed by fire while moored and stored at dock.

**2. Wharves ⚖⇒20(7)—Petition alleging damage due to defective fire box of locomotive crane, and proof showing it was due to defective ash pan, held not fatal variance.**

Petition alleging damage to property moored at dock or stored thereon due to defective fire box of locomotive crane, and proof showing it was due to defective ash pan, *held* not fatal variance, since substance of petition was proved, especially where answer alleged that fire box was properly equipped with ash pan.

**3. Trial ⚖⇒260(7)—In action against dock owner for loss by fire, charge that defendant's adjustment with insurance company had nothing to do with its liability held properly refused, in view of charge which was given.**

In action against dock owner for loss of pile drivers and barge by fire, charge that defendant's adjustment of loss with insurance company had nothing to do with its liability to plaintiff· *held* properly refused, where court charged that admission of liability by defendant would not entitle plaintiff to recover unless negligence was proved.

**4. Trial ⚖⇒260(1).**

Refusal of charges covered by general charge *held* not error.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

· Action by William M. Wren against the American Creosote Works, Inc. Judgment for plaintiff, and defendant brings error. Affirmed.

William B. Grant, of New Orleans, La., for plaintiff in error.

Rene A. Viosca, of New Orleans, La. (Sanders, Baldwin, Viosca & Haspel, of New Orleans, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case defendant in error, plaintiff below, brought suit to recover for damages to a pile driver and a floating pile driver and barge, alleged to have been caused by a fire which occurred through the negligence of plaintiff in error, defendant below. The parties will be referred to as they appeared in the District Court.

The fire destroyed a dock belonging to defendant, to which the floating pile driver and barge were moored, and on which the other pile driver was stored in a knocked-down condition. In substance, the negligence alleged was that at the time of the fire defendant was operating a locomotive crane on the wharf, and, as the result of a defective fire box, which was loose, fire was continuously dropping on the freshly built creosoted wharf, and defendant's employees continued to operate the defective locomotive crane, notwithstanding knowledge of its condition, and the danger from fire. As a further ground of negligence, it was alleged that defendant had made no provision whatsoever for fire protection on or about the wharf, and that, if such provision had been ˙made, damage to plaintiff's property might have been avoided.

The answer denied liability and set up affirmatively that the engine on the crane belonging to defendant was equipped with a properly designed ash pan under the grate to catch hot coals, that the crane was in charge of an experienced and competent crew, which had been given specific instructions to watch for any live coals that might accidentally spill out of the ash pan, and that they exercised extreme care and diligence in carrying out the said instructions.

The case was tried to a jury and resulted in a verdict for plaintiff on which judgment was entered. Various errors are assigned, of which only a few need be noticed.

[1] In various forms defendant moved for the direction of a verdict in its favor. Error is assigned to the denial of these motions.

There is no doubt that the property of plaintiff was damaged by a fire which was caused by live coals dropping on the wharf, and there was proof to prima facie show the amount of loss. As to the negligence of defendant, there was testimony from several witnesses tending to show that the boiler and fire box of the crane was not equipped with an ash pan, but had a piece of tin fastened under it in an insecure manner, so that hot coals were continually dropping from it, and that several small fires had occurred on the wharf for that reason before the fire that destroyed the wharf. There was evidence to the contrary from other witnesses, but the conflict of testimony was a matter for the jury and was properly left to it.

[2] Defendant makes the point that there was a fatal variance between the allegations of the petition that the damage was caused

through a defective fire box and the proof tending to show that it was caused by a defective ash pan. The distinction sought to be made is rather metaphysical. The rule as to variance was stated by the Supreme Court in Nash v. Towne, 5 Wall. page 697, 18 L. Ed. 527, and has been adhered to consistently ever since. See Washington & G. R. Co. v. Hickey, 166 U. S. 531, 17 S. Ct. 661, 41 L. Ed. 1101; Standard Oil Co. v. Brown, 218 U. S. 78, 30 S. Ct. 669, 54 L. Ed. 939; Fuller Co. v. McCloskey, 228 U. S. 194, 33 S. Ct. 471, 57 L. Ed. 795.

From the above-noted decisions, the rule may be epitomized thusly: The proof must correspond to the allegations in the declaration, but the requirement in this behalf is fulfilled if the ·substance of the declaration is proved. No variance ought .ever to be regarded as material, where the allegation and proof substantially correspond, or where the variance is not of a character which could have misled the defendant at the trial.

Proof that defendant's crane had a defective ash pan is substantial proof that the fire box was itself defective, as the ash pan may be considered to be a part of the fire box. Further, the defendant could not have been misled in this case as the answer alleged, and it was endeavored to be shown, that the fire box was properly equipped with an ash pan to catch hot coals.

It was not error to deny the motions for a directed verdict.

[3] Error is assigned to the refusal of the court to give certain special charges requested.

In the course of the trial, testimony was offered tending to show that defendant had admitted liability and had included the amount of plaintiff's loss in its settlement with the insurance company. This evidence was not objected to and defendant offered testimony to rebut it.

Defendant requested the charge "that the adjustment of the loss with the insurance company has nothing to do with the loss suffered by plaintiff nor the liability of defendant."

The court clearly charged the jury, in substance, that the plaintiff at the time of the fire was a mere licensee; that he was there for his own ·interest and assumed the risk as to the safety of the wharf; that defendant owed him no duty to protect him against loss and did not insure him against loss; that it was necessary for plaintiff to prove that the fire occurred through the negligence of defendant; and that the admission of liability sought to be shown would not entitle plaintiff to recover unless negligence was proved.

[4] The effect of the charge was to submit only the question of the negligence of defendant arising from the defective condition of the fire box, and to take away from the jury consideration of the evidence relative to any admission of liability on the part of the defendant in connection with the settlement of the loss with the insurance company and any question as to the alleged deficiency in fire apparatus. The other charges refused need not be set out, as they were unquestionably covered by the general charge. It was not error to refuse the special charges requested.

We find no error in the record.

Affirmed.