## UNITED STATES v. GOODWIN.

### No. A—5260.

District Court, N. D. West Virginia.

March 27, 1943.

Joe V. Gibson, U.S. Atty., of Kingwood, W.Va., and Ezra E. Hamstead, Asst. U.S. Atty., of Morgantown, W.Va., for plaintiff.

Horace S. Meldahl, of Charleston, W.Va., for defendant.

HARRY E. WATKINS, District Judge.

Defendant, a Jehovah Witness, was convicted by a jury of violating the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., in failing to report for induction for "work of national importance" at a camp for conscientious objectors. Thereupon, defendant moved to set aside the verdict and for a new trial, assigning many grounds of error. The record will show that many of the points relied upon were not raised at the trial. There were two main points relied upon by defendant at the trial.

First and foremost the defendant contends that he is a minister and that the local draft board and the appeal board should have classified him as 4-D instead of putting him in class 4-E, as a conscientious objector. He says that the action of both draft boards was arbitrary and capricious, and that he has the right in this criminal proceeding to have the jury pass upon this matter. He has sought to make this an issue for jury trial by both a plea in abatement and a special plea. The court sustained demurrers to both. No evidence was offered by the defendant at the trial under the general plea of not guilty to show that the draft boards had improperly classified him. In his motion for a new trial, defendant claims that the court erroneously sustained the demurrer to his special plea and plea in abatement and thereby prevented him from submitting to the jury the correctness of the board's classification.

The courts have uniformly held that in a criminal prosecution for failure to report for induction or for work of national importance under the Selective Training and Service Act of 1940, a defendant is not permitted to introduce evidence to show that the local board or appeal board erroneously classified him. Such evidence can not be submitted to the jury under a plea in abatement, special plea, general plea of not guilty, or any other type of plea, for the reason that such evidence is entirely irrelevant and immaterial to the charge contained in the indictment. The jury was required to determine only whether the defendant, as a registrant under the Selective Service Act, had been ordered by a lawful authority to report for induction into a camp for conscientious objectors, and had knowingly failed to do so. Fletcher v. United States, 5 Cir., 129 F.2d 262.

Whether defendant is a minister of religion is a question of fact, committed under the Act to registrant's local board, composed of his neighbors, for final determination. If he is aggrieved by the classification given him by the local board, adequate administrative machinery is provided for appellate review by an appeal board to protect him from error or illegality. No authority or jurisdiction is conferred by the Act upon the United States District Court to review decisions of such administrative agencies as to their findings of fact upon any matter within their juris-

diction. Every federal · court which has considered this question since the 1940 Selective Service Act was enacted has so held. See United States v. Grieme, 3 Cir., 128 F.2d 811, and cases therein cited. Since the Grieme case, other criminal cases in which the defendant has unsuccessfully attempted to introduce similar evidence are as follows: United States v. Bowles, 3 Cir., 131 F.2d 818; Rase v. United States, 6 Cir., 129 F.2d 204; Fletcher v. United States, 5 Cir., 129 F.2d 262; Checinski v. United States, 6 Cir., 129 F.2d 461; Buttecali v. United States, 5 Cir., 130 F.2d 172, and Haberman v. United States, 5 Cir., 131 F.2d 1018. A similar rule was adopted by court decision under the Selective Draft Act of 1917, 50 U.S.C.A. Appendix § 201 et seq. Arbitman v. Woodside, 4 Cir., 258 F. 441, 442.

■ Shortly after the defendant was arrested he filed a petition for writ of habeas corpus, in which he claimed that both the local board and the appeal board had acted in an arbitrary and capricious manner in his classification. Although I was very much in doubt as to defendant's right to raise this issue by writ of habeas corpus prior to his actual induction into "work of national importance", I issued the writ and permitted a hearing thereon. After a full and complete hearing, the court determined that the action of the draft boards was not arbitrary or capricious, and that there was substantial evidence in the questionnaire and other papers filed by defendant to support the findings of the draft boards. After this issue was fully tried, at defendant's request, before the court, by means of the writ of habeas corpus, and an adverse decision rendered, defendant filed his plea in abatement and special plea, raising the same issue. In effect, he says that he has the right to have the jury in this criminal case pass upon the action of both draft boards in making the classification, and to review the action of the court in the habeas corpus proceeding. For this additional reason, the special plea and the plea in abatement were improper in this case.

The other point which was urged at the trial and is now assigned as error, is that there was a variance between the indictment and the proof as to the time when the defendant was ordered to report. The indictment charged that the defendant was ordered to report at 5:45 A.M. on December 22, 1942, and failed to report as ordered. The proof showed that a few days after this order was sent out, the clerk of the board, acting upon direction of the state director of selective service, wrote the defendant a letter telling him that he was required to report at 11 o'clock A.M. on the preceding day, December 21. The change was made because it was learned that under existing transportation schedules it would be necessary for the defendant to leave on December 21 in order to arrive at the camp in Pennsylvania on December 22. The defendant admitted that he received both notices, and knowingly and intentionally refused to report "for work of national importance" on either day. He did go to the board on or prior to December 21 to explain that he did not intend to report for induction because he was a minister. On December 26 the local board sent him a notice of suspected delinquency. He received this notice and on December 29 went again to the local board. Defendant explains this trip there as follows:

"I reported to the local board office and Mr. Lawson (clerk of local board) came into the waiting room where I was and asked me what I wanted and I explained to him I wasn't under any obligation to report because I had registered as a minister of the gospel."

■ Section 269 of the Judicial Code, as amended, 28 U.S.C. § 391, provides: "On the hearing of any appeal, certiorari, writ of error, on motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of parties." In Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 630, 79 L.Ed. 1314, a criminal case dealing with variance, the court, after quoting Section 269 as amended, said: "The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. * * * Evidently Congress intended by

the amendment to section 269 to put an end to the too rigid application, sometimes made, of the rule that error being shown, prejudice must be presumed; and to establish the more reasonable rule that if, upon an examination of the entire record, substantial prejudice does not appear, the error must be regarded as harmless." The above quotation from the Berger case was quoted by Judge Parker in a case from this district, Andrews v. United States, 4 Cir., 108 F.2d 511, 515. Here the defendant was not surprised. He received both notices and went to the board immediately thereafter to explain that he did not intend to report on December 21, 22 or any other day. His defense then and now is that he was under no obligation to report. Such variance as there may be has in no manner affected the "substantial rights of the accused".

The motion for a new trial is overruled.