### PANELLA v. UNITED STATES.

### No. 5176.

Circuit Court of Appeals, Fourth Circuit.

Jan. 17, 1944.

James M. Wolcott, of Norfolk, Va., for appellant.

Walkley E. Johnson, Asst. U. S. Atty., of Newport News, Va. (Sterling Hutcheson, U. S. Atty., and John V. Cogbill, Asst. U. S. Atty., both of Richmond, Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and WYCHE, District Judge.

PARKER, Circuit Judge.

This is an appeal from a sentence in a criminal case in which one J. Frank Panella was convicted of violating 18 U.S.C.A. § 91 which provides: "Whoever shall * * * give * * * any money * * * to any officer of the United States, or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the Government thereof, * * * with intent to influence his decision or action on any question, matter, cause, or proceedings which may at any time be pending, or which may by law be brought before him in his official capacity, or in his place of trust or profit, or with intent to influence him to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States, or to induce him to do or omit to do any act in violation of his lawful duty, shall be fined," etc.

The indictment charges that Panella "did unlawfully and feloniously give to * * *

Johnnie Hunt, Chief Commissary Steward, United States Navy, * * * about 40.00 * * * for the purpose and with intent to influence the decision and action of the said Johnnie Hunt * * * on a certain matter pending before him in his official capacity, to-wit: for the purpose and with the intent to induce the said Johnnie Hunt, Chief Commissary Steward * * * to purchase for and on behalf of the United States certain ice creams from him, the said J. Frank Panella, * * *, with intent to defraud the United States; * * *."

The evidence in the case shows that Panella gave $35 or $40 by way of gratuity to Hunt, who was Chief Commissary Steward at the Naval Operating Base at Norfolk, Va., and that his purpose in so doing was to influence Hunt's action with respect to placing ice cream upon the menus at the Naval Base so that orders would be given for ice cream which Panella had the contract to furnish. The evidence shows that the ice cream was furnished under a contract awarded upon competitive bids, that orders therefor were made by the Commissary Officer and that these orders were based upon the menus prepared by the Chief Commissary Steward, whose duty it was to designate what was to be eaten by the enlisted men at the base. The point is made that this evidence does not sustain the charge in the indictment; but we think that, at most, there was nothing more than an immaterial variance between allegation and proof. The evidence unquestionably shows the giving of a bribe to Hunt to influence his official action; and we think it immaterial that the action intended to be influenced was the preparation of menus which would result in purchase and not the purchase based upon the menus. The preparation of the menus was the decisive matter in connection with the purchase and was so closely connected therewith that the accused could not have been misled in preparing his defense to the charge; and there can be no question as to his being protected by the conviction here against further prosecution for the same crime. The gravamen of the offense charged was the giving of a bribe with intent to influence Hunt in the discharge of his official duty, and the slightly erroneous description of that duty in the indictment did not affect any of his "substantial rights".

By section 269 of the Judicial Code, as amended, 28 U.S.C.A. § 391, it is provided: " * * * on the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

In applying the provisions of this section to the question of variance between allegation and proof, the Supreme Court, in the recent case of Berger v. United States 295 U.S. 78, 55 S.Ct. 629, 630, 79 L.Ed. 1314, said: "The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. * * * Evidently Congress intended by the amendment to section 269 to put an end to the too rigid application, sometimes made, of the rule that error being shown, prejudice must be presumed; and to establish the more reasonable rule that if, upon an examination of the entire record, substantial prejudice does not appear, the error must be regarded as harmless."

See also Andrews v. United States, 4 Cir., 108 F.2d 511; United States v. Remington, 2 Cir., 64 F.2d 386; Kercheval v. United States, 5 Cir., 36 F.2d 766; Meyers v. United States, 2 Cir., 3 F.2d 379; United States v. Goodwin, D.C., 49 F.Supp. 510.

Kercheval v. United States, supra, involved a mail fraud indictment which charged a scheme to sell shares and interests in certain designated oil and gas leases. The proof showed a scheme to sell stock in a corporation which was represented as owning these properties. In holding the variance immaterial, the Court said: "The mailing of the letters constituted the offense, and it is impossible that the defendant could have been prejudiced in his defense in that regard. And undoubtedly the conviction in this case is

a bar to any future prosecution for mailing the same documents. There is small difference between charging a scheme to sell an interest in certain property and proving the sale of shares of stock in corporations pretending to own the said property. Doubtless the average stockholder believes himself to be the owner of his share of the property of the corporation, overlooking the technical legal difference. The rule as to variance is stated by Wharton as follows: 'Variance in criminal law is not now regarded as material, unless it is of such a substantive character as to mislead the accused in preparing his defense, or places him in a second jeopardy for the same offense.' Wharton's Criminal Evidence (10th Ed.) p. 276."

Here the offense consisted in giving a bribe to Hunt with intent to influence his official action; and there is small difference between saying that this action was to be the purchase of ice cream and saying that it was to be the recommendation that ice cream be purchased, where, as the evidence shows, the purchase followed almost automatically upon Hunt's recommendation. The evidence clearly establishes that Panella is guilty of the crime denounced by the statute under which he is indicted; he has been fairly apprised by the indictment of the crime charged; he has been convicted by a jury after a fair trial and full opportunity to present any defense that he might have; and we do not think that the conviction should be set aside because of a slight misdescription of the duty in the performance of which it was intended that he be influenced by the bribe.

There was no error and the judgment appealed from will be affirmed.

Affirmed.