**HARRIS v. UNITED STATES.**

No. 5128.

Circuit Court of Appeals, Fourth Circuit.

Feb. 4, 1944.

---

568

Before PARKER, SOPER, and DOBIE, Circuit Judges.

R. Lewis Bainder, of Baltimore, Md., for appellant.

Thomas J. Kenney, Asst. U. S. Atty., of Baltimore, Md. (Bernard J. Flynn, U. S. Atty., of Baltimore, Md., on the brief), for appellee.

DOBIE, Circuit Judge.

John Harris (hereinafter called Harris) was tried in the United States District Court for the District of Maryland under an indictment in two counts, charging violation of 18 U.S.C.A. § 338, commonly known as the Mail Fraud Statute. .

The first count charged that Harris had devised a scheme to defraud Mrs. Isabelle M. Cochran, Lieutenant-Commander Schamyl Cochran, Harry Ivery and others, and by means of fraudulent representations, to obtain their money. In substance it was alleged that Harris offered to sell to the victims collateral trust notes secured by Associated Gas and Electric Company 5% debentures. These debentures were selling between $80 and $90 per $1,000 debenture. The debentures were to be held by the victims as collateral, and, when sold, the profits were to be divided equally between Harris and the victims. After obtaining the victims' money, Harris purchased and delivered Associated Gas and Electric Series A 5% Convertible Obligations, which were of vastly less value than the 5% debentures. The count concludes by charging that Harris, in furtherance of the fraudulent scheme, caused a check signed by Harry Ivery to be sent through the mails. (The Government offered no proof of the allegations concerning Harry Ivery and abandoned these allegations.)

The second count of the indictment incorporated by reference the allegations set out in the first count, and then charged that Harris, for the purpose of executing the fraudulent scheme, caused to be delivered through the mails, in Annapolis, Maryland, to the Farmers National Bank, a check signed by Schamyl Cochran. Harris had deposited the check in the Baltimore National Bank. From there it was taken by a runner of that bank to the Baltimore branch of the Federal Reserve Bank of Richmond, which in turn mailed the check to the Farmers National Bank in Annapolis, Maryland.

Harris refused to accept counsel appointed by the court and elected to conduct his own defense. He was convicted by a jury, sentenced to a term of imprisonment for four years, and has duly appealed.

No objection is made to the jury's finding of the existence of a scheme to defraud. For the purposes of this appeal, only two questions need be considered: (1) was there a fatal variance between the indictment and the proof? (2) was there sufficient evidence to sustain the jury's finding that Harris caused the mails to be used in furtherance of the fraudulent scheme?

As to the first of these questions, we fail to mark the existence of any substantial variance. Even if we assume, arguendo, that some variance exists, there is still no merit in this contention. The variance which Harris alleges is far from being vital. The true criterion is whether the indictment fairly and sufficiently apprised Harris of the charge that he must meet. Harrison v. United States, 6 Cir., 200 F. 662, 673; Kercheval v. United States, 5 Cir., 36 F.2d 766; Meyers v. United States, 2 Cir., 3 F.2d 379. Since the person defrauded was specifically named in the indictment, mere allegations that other specified individuals were defrauded is of no real consequence. The proper rule was stated by Judge Denison in Bennett v. United States, 6 Cir., 194 F. 630, 633:

"It is true that where two persons are named as the subject of the offense, and it is proved as to one of them only, there is

a seeming variance, but it is really a failure of proof as to a thing which it was not necessary to allege."

Harris was not misled here, and, in the absence of any such misleading, there was no substantial error. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Harrison v. United States, supra; Mathews v. United States, 8 Cir., 15 F.2d. 139. This question was thoroughly considered by this Court in Panella v. United States, 4 Cir., 140 F.2d 71. See, also, Smith v. United States, 8 Cir., 50 F. 46, and Martin v. United States, 10 Cir., 100 F. 2d 490.

The second question requires little or no discussion. This point was thoroughly considered in Decker v. United States, 4 Cir., 140 F.2d 378. We said there:

"Decker, the managing executive of Triumph and a man of wide business experience, could hardly have been ignorant of the fact that the Elkton Bank, cashing these checks, would transmit these checks to the Pittsburgh Bank on which the checks were drawn, through the mails. The testimony of Robinson, cashier of the Elkton Bank, as to the unvaried custom of his bank to use the mails in this connection, was clear and convincing."

■ That proof of a settled custom is sufficient to take the question of the use of the mails to the jury, is well established. Headley v. United States, 5 Cir., 294 F. 888; Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799; Demolli v. United States, 8 Cir., 144 F. 363, 6 L.R.A., N.S., 424, 7 Ann.Cas. 121; Spear v. United States, 8 Cir., 246 F. 250; Levinson v. United States, 6 Cir., 5 F. 567, certiorari denied 269 U.S. 564, 46 S.Ct. 23, 70 L.Ed. 414; Tincher v. United States, 4 Cir., 11 F.2d 18; McIntyre v. United States, 6 Cir., 49 F.2d 769. See, also, Wolf v. Union Trust Co., 150 Md. 385, 391, 133 A. 121; Wigmore on Evidence, 2d Ed., Vol. 1, § 95, 1934 Supplement, § 95.

■ Appellant was experienced in financial matters and familiar with modern banking practices. Moreover, here there was clear and convincing evidence that the specific check was actually sent through the mails.

Since we answer the first question in the negative, and the second in the affirmative, we, accordingly, affirm the judgment of the District Court.

Affirmed.