## Matlack *v.* Chalfant, Appellant.

*Negligence—Automobile—Bailor and bailee—Master and servant.*

Where an owner of auto trucks hires them out at a per diem compensation, furnishing driver, oil, gasoline and accessories, and the driver is under the control of the owner during the entire period of hire, while the bailee cannot discharge the driver, and has no authority over him except to direct the place to which he shall drive, the owner is liable for an injury caused to a third person by the negligent act of the driver occurring during the period of hire, if the bailee has not interfered with the operation of the truck.

Argued Oct. 9, 1917. ⁻Appeal, No. 169, Oct. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1916, No. 2751, on verdict for plaintiff in case of David J. Matlack v. Robert L. Chalfant. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in refusing motion for judgment for defendant n. o. v.

*W. W. Smithers,* for appellant.—There was no evidence to bring the case within the principle of respondeat superior: Wray v. Evans, 80 Pa. 102; Kelton v. Fifer, 26 Pa. Superior Ct. 603; McMahen v. White, 30 Pa. Superior Ct. 169; Wollaston v. Park, 47 Pa. Superior Ct. 90; Scheel v. Shaw, 60 Pa. Superior Ct. 73; Jimmo v. Frick, 255 Pa. 353.

*J. Morris Yeakle,* for appellee.

OPINION BY KEPHART, J., December 13, 1917:

The appellant is the owner of a number of auto trucks and was engaged in the business of hiring automobiles at a per diem compensation, furnishing driver, oil, gasoline and accessories necessary to the successful operation of the car during the period of hire. He hired a truck to the Mack Paving and Construction Company to be used by them in hauling asphaltum. While in such use, through negligent operation by the driver, the truck collided with the plaintiff's automobile from which the present suit resulted.

The driver's negligence is admitted and the sole question for our consideration is whether the Mack Paving and Construction Company, to whom the car was hired, or the appellant, who owned the car, was liable to the appellee for the damage suffered. The plaintiff, to recover, must show that the principle of respondeat superior applies, and he cannot recover in this action unless the relation of master and servant in fact existed whereby the negligent act of the servant was legally imputable to the master: McCullough v. Shoneman, 105 Pa. 169. He must not only show that the person in charge of the car was the servant, but that he was engaged in his master's business and was acting within the apparent scope of his authority at the time the tortious act was committed. The mere fact that the defendant owned the car and that the chauffeur was regularly employed and paid by him will not be sufficient. "The test of liability are whether the servant at the time of the plaintiff's injury was acting within the scope of his authority in furtherance of his master's business": Luckett v. Reighard, 248 Pa. 24; Blaker v. Philadelphia Electric Co., 60 Pa. Superior Ct. 56.

The jury found, from the evidence submitted by the plaintiff in discharge of the burden imposed on him, that the car was under the control of the defendant during the

period of hire, that the Mack Paving and Construction Company could not discharge the driver and had no authority over him except to direct the place where the material was to be taken.    Where a master lends or hires his servant to another to be engaged in the business of other persons, subject to their directions and control, the servant becomes the servant of the new master though he is paid by the old master: Scheel v. Shaw, 60 Pa. Superior Ct. 73.   Where the owner of a car lends or hires it to another and it is wholly under the use, direction and control of the borrower or hirer, the relation of bailor and bailee is created and the bailor is not responsible for the negligent use of the car: Scheel v. Shaw, supra. It will be noted that the controlling principle and the test is the power to direct and control.   In the case at bar the relation of bailor and bailee existed between the Mack Paving and Construction Company and the appellant.   The bailor, however, retained in himself a certain control over the bailed property.   He could direct the driver, his servant, how to operate the car, not only with respect to its speed, but could control him in the things necessary to be done in order to properly keep up the car while in use.   Though a bailment existed as between the appellant and the Mack Paving and Construction Company with respect to the truck and the use to be made thereof, and within such use the bailor was not responsible for any neglect, but when the bailor retained to himself and actively exercised certain elements of proprietorship over the subject-matter of the bailment, he was responsible for any acts of neglect that happened within the scope of that proprietorship.   When the bailor retained the control or management of the subject of the bailment, and while it was being subjected to the bailee's use, the bailor directed its operation; and an injury occurs through the negligent act of the person employed and directed by the bailor, he will be liable for the damage that may follow as the result of such negligent act.   The rule is different where the bailee interferes with

the operation of the car and assumes to direct and control it, or where the hirer or borrower has exclusive control of the operation and use of the car. The case is somewhat similar to the hiring of a team by a livery stable keeper who furnishes a driver. Where the hirer does not interfere with the action and conduct of the driver in the performance of his duty as a driver, the driver remains the servant of the man who pays him, and he would be responsible for the driver's negligent acts, though the horse and buggy, the subject of the bailment, is in the possession and use of the bailee and is subject to his direction for the performance of such service as such vehicles usually perform: Hershberger v. Lynch, 9 Sadler 91; Gibson v. Bessemer & L. E. R. R. Co., 226 Pa. 198. As stated by Judge PORTER in the case of Wollaston v. Park, 47 Pa. Superior Ct. 90: "The contract of bailment under which Hoopes permitted this defendant to have possession of the car gave to the defendant the right to direct where the car should be taken, the roads over which it should be driven, but it reserved to Hoopes the right to have the operation of the car, the manner in which it should be driven over those roads, in the hands of the person whom he had designated. So long as the servant of Hoopes, the man whom he had selected, was driving that car, Hoopes, as the employer, would have been liable to answer for any injuries resulting from the negligence of his servant. Such would have been the legal result of the terms of the contract of bailment."

We have carefully examined the authorities from other states, but we are satisfied that the controlling principles are well settled by the decisions of our own State.

The judgment of the court below is affirmed.