# Wright, Appellant, *v.* A. & S. Wilson Company.

*Negligence—Automobiles—Damages—Master and servant—Special employment—Independent contractor—Liability.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff was struck by an automobile truck, which, it was claimed, was being operated by a servant of the defendant company. It appeared that the driver of the truck was a member of a partnership which was engaged in general hauling at a given rate per hour, which included the service of a driver and the use of the truck. At the time of accident he was employed to go to a railroad freight station to haul a load of material for a building which the defendant was remodelling. While on the way to the freight station he struck and injured the plaintiff. At that time his truck was empty and no employee of the defendant was with him or exercised any control over him, except to direct what to haul and to and from where.

Under such circumstances the driver of the truck cannot be held to be a servant of the defendant.

The direction to one engaged in "general hauling" to haul property to and from a specified place does not change the character of, or convert a special employment into the general relation of master and servant.

Argued May 7, 1924. Appeal, No. 114, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1922, No. 942, in favor of defendant non obstante veredicto, in the case of William J. Wright v. A. & S. Wilson Company. Before HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Affirmed.

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct.

Trespass to recover damages for personal injuries. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,500. Subsequently, on motion, the court entered judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was, among others, the order of the court.

*Ralph P. Tannehill,* for appellant.

*John J. Heard,* and with him *Reed, Smith, Shaw and McClay,* for appellee.

OPINION BY LINN, J., July 2, 1924:

Plaintiff, on a Pittsburgh street, was struck by a motor truck driven by one, Cummings; he sued defendant and got a verdict; the court entered judgment for defendant n. o. v., declaring Cummings to be an independent contractor and not defendant's servant. This appeal is to review that conclusion only.

Cummings and Nist were partners, with two motor trucks, engaged in "general hauling" for "anybody" who applied, at a given rate per hour, which included the services of the driver and the use of the truck. They furnished the trucks, driven by one or the other, or by any driver they chose to send; they kept them in their own garage, cared for them, and supplied everything required to operate them; once a week they collected from defendant for their hauling, but were not paid for the time consumed in going from the garage to the place from which they were to haul, or afterwards, in returning to the garage. On February 11, 1921, they were employed by defendant to haul a load of tools to defendant's yard on the North Side; Cummings drove the

truck; he was instructed, when that trip was finished, to go to a railroad freight station to haul a load of tiles to a building in Pittsburgh which defendant was remodelling. There is evidence that in loading or unloading, if Cummings required it, he was assisted by laborers furnished by defendant. While on the way to the freight station, he injured plaintiff. His truck was then empty; no employee of defendant was with him or exercised any control over him, either then, or, according to the evidence, at any other time, except to direct him what to haul, and to or from where.

The direction to one engaged in "general hauling" to haul property to or from a specified place does not change the nature of, or convert a special employment into the general relation of master and servant; a man does not become answerable for the negligence of a taxi-cab driver, or of a carrier merely by specifying where he wishes to go or to have his property delivered. There is no evidence to contradict the testimony outlined above, which is clearly insufficient for the application of the rule respondeat superior. There is no evidence of the relation of master and servant, such as appeared in the cases which appellant would apply: in McCall v. Telephone Company, 79 Pa. Superior Ct. 505, the teamster not only furnished his team but worked generally with defendant's men, subject to its foreman; the opinion in that case notes the distinction, stating: "It is not a case of letting out work to another without retaining any control over the work, except as to results accomplished, but rather a case of service rendered in the course of an occupation supervised and directed as to means and manners of performance. Defendant's foreman had full control over the extent, character and manner of service rendered by plaintiff." Defendant employed men engaged in general hauling, to do certain work; according to the undisputed evidence, it retained no control except as to result; such control does not

render defendant liable: McCall v. Telephone Company, supra; Simonton v. Morton, 275 Pa. 562 and cases cited on page 567.

Judgment affirmed.