# Funston *v.* Ingenito, Appellant.

*Negligence—Automobiles—Ownership—Evidence — Hiring of car.*

1. Where the owner of automobiles hires them out as part of his business, furnishing driver, oil, gasoline and accessories, and the driver is under the control of the owner during the entire period of the hiring, while the bailee cannot discharge the driver and has no authority over him, except to direct the place to which he shall drive, the owner is liable for an injury caused to a third person by the negligent act of the driver occurring during the period of hire, if the bailee has not interfered with the operation of the automobile.

Argued December 1, 1924.   Appeal, No. 92, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1922, No. 7697, on verdict for plaintiff, in case of William J. Funston v. Louis E. Ingenito.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for negligence.   Before MONAGHAN, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting order.

*Richard A. Smith,* for appellant.

*F. Carroll Fow,* for appellee.

PER CURIAM, January 5, 1925:

Plaintiff was injured through the negligent driving of an automobile operated by one Grasso; he sued Louis E. Ingenito, defendant, and recovered a verdict on which judgment was entered; this appeal followed.

There was sufficient evidence to sustain a finding that the car belonged to defendant and that Grasso was in his employ on the day of the accident. Appellant contends, however, that the evidence did not show that the automobile, when it struck plaintiff, was being driven by a servant of defendant or on an undertaking of his; appellee contends to the contrary.

In view of the verdict, the facts out of which the above stated controversy arose may be said to be correctly stated by the court below thus: "Mrs. Pichaliski, an undertaker, having a funeral to conduct on January 11, 1922, arranged to hire five automobiles from Goodman, a liveryman. Not having enough cars of his own to fill the order, [he] called the office of defendant, and arranged with [him] to send two automobiles to Goodman's garage. Grasso was the chauffeur of one of these automobiles. When the automobiles arrived, Goodman . . . . . . sent them on to the house where Mrs. Pichaliski conducted the funeral. Persons attending the funeral were taken in the automobiles from the house to church, from there to the cemetery, and back to the house. The chauffeurs were directed where they were to go by Mrs. Pichaliski and persons in her employ, but she gave no

other orders, and did not attempt to control the chauffeurs. ["Mrs. Pichaliski testified that she simply hired certain cars from Mr. Goodman; she did not supply chauffeurs or gas or oil, and had no control over the chauffeurs. All she did was to take the people who were interested in the funeral to a certain place and then return them home; she was not in the car and did not tell the chauffeur how to drive it."] She paid Goodman the hire for the cars and he paid the defendant...... While returning from the cemetery, carrying persons who attended the funeral to the house from which the funeral started, the accident happened." We need add only that testimony furnished by defendant showed the hiring out of cars to be part of his business.

After the above statement of facts, the court below said: "The case is ruled by Matlack v. Chalfant, 69 Pa. Superior Ct. 49, in which it was held, 'Where an owner of autotrucks hires them out at a per diem compensation, furnishing driver, oil, gasoline and accessories, and the driver is under the control of the owner during the entire period of hire, while the bailee cannot discharge the driver and had no authority over him, except to direct the place to which he shall drive, the owner is liable for an injury caused to a third person by the negligent act of the driver occurring during the period of hire, if the bailee has not interfered with the operation of the truck.'"

The opinion cited by the court below was written by Mr. Justice KEPHART when a member of the Superior Court; it accords with what we recently held in Thatcher v. Pierce, 281 Pa. 16, where a third party, occupying much the same position as Goodman in the present case, also figured in the hiring.

After considering all the assignments, we discover no error.

The judgment is affirmed.