## Bojarski, Appellant, *v.* M. F. Howlett, Inc.*

*Negligence — Independent contractor — Hiring servant of another—Renting crane—Engineer—Stevedore.*

1. Where a servant is injured by the falling of an object during the course of placing or removing a cargo from a ship, the responsibility for the injury depends on the determination as to who had control at the time of the accident of the work on which the servant was engaged.

2. Where the owner of a crane rents it with an operating engineer to a stevedore engaged in unloading a vessel, and it appears that the operation of the crane by the engineer is under the direction of the stevedore and controlled by signals given to the engineer by a hatch tender, employed by the stevedore, the stevedore and not the owner of the crane is liable for injuries to an employee of the stevedore caused by the negligence of the engineer in disregarding a signal of the hatch tender.

3. In such case the owner of the crane was not an independent contractor for the purpose of unloading the vessel, but was employed by the stevedore to assist in carrying out the work.

4. The engineer in charge of the crane was for the time being the servant of the stevedore, and the latter was liable for the negligence in operating the crane.

5. A servant employed and paid by one person may nevertheless be the servant of another in a particular transaction, even though the general employer of the servant is interested in the work.

*Appeals—Review—Theory of case in court below.*

6. A party cannot, on appeal, alter the legal position from that on which the case was tried.

Argued December 2, 1927.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeal, No. 261, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1926, No. 13139, for defendant n. o. v., in case of Benjamin Bojarski v. M. F. Howlett, Inc.   Affirmed.

*See Linstead v. Chesapeake & Ohio Ry. Co., 48 Supreme Court Reporter 241, 243, for case to same effect, decided February 20, 1928, opinion by Mr. Chief Justice Taft.

Trespass for personal injuries. Before STERN, P. J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,000 on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Samuel Melnick,* for appellant.—The question of whose servant was for the jury: Funston v. Ingenito, 282 Pa. 124; Connor v. McCandless, 84 Pa. Superior Ct. 307; Wallace v. Auto Co., 239 Pa. 110; Gresh v. Wanamaker, 221 Pa. 28; Puhlman v. Express & Cab Co., 259 Pa. 393; McKnight v. Kresge, 285 Pa. 489; Eckert v. Shipbuilding Corp., 280 Pa. 340; Matlack v. Chalfant, 69 Pa. Superior Ct. 49.

*Ralph B. Evans,* for appellee, cited: Donovan v. Laing, L. R. (1893) 1 Q. B. 629; Puhlman v. Express & Cab Co., 259 Pa. 393.

OPINION BY MR. JUSTICE SADLER, January 3, 1928:

The plaintiff, Bojarski, was employed by Murphy, Cook & Co., stevedores, engaged, at the time of the accident which gave rise to this litigation, in unloading a vessel. These contractors had charge of the operation, controlling the various laborers required to handle the material to be removed from the hold of the ship and placed on railroad cars alongside on the wharf. Orders necessary in the carrying out of the task were given by the individual foremen in charge of the three gangs at work, under the general direction of its head foreman, who had supervision of the entire undertaking. The contractors were without the necessary hoisting apparatus, and hired from Howlett, Inc., the defendant, a crane, with a fireman and engineer, who operated it, to aid in the service to be performed, paying compensation at the rate of $10 an hour for the time consumed. The hoisting device secured was attached to a lighter, towed to the off-shore side of the vessel, and rigged with a clam-

shell bucket. This, when in service, was swung over the hold, lowered with the jaws open, closed by the action of the engineer when it had grasped the load to be moved, then raised through the hatchway, and swung to a chute, leading to the waiting cars on the shore, and there emptied. It was not possible for the engineer to see the bucket when dropped into the hold, nor could he determine, when lifted, whether cars were ready on the wharf to receive the material.

To secure proper unloading, Murphy, Cook & Company employed one stationed on the ship, whose duty was to furnish by signal the necessary information to the operator of the crane, and give warning by hand if the bucket should be held suspended and not moved across the deck, since cars were not always in place to receive the cargo. On the day of the accident, the bucket was raised as usual, and swung toward the place of emptying, contrary to the order of the hatch tender, as claimed by plaintiff. While making this movement a lump of chalk fell from it, striking the foot of Bojarski, engaged for the moment in adjusting the chute through which the material passed to the wharf below. This action was brought to recover damages for the injury sustained from Howlett, Inc., the owners of the crane, temporarily engaged for hire in the service of the stevedores, Murphy, Cook & Co., and resulted in a verdict for plaintiff. The court below subsequently entered judgment for the defendant n. o. v., and this appeal followed.

The single question presented here is as to the liability of the particular defendant sued for the damage inflicted. As already noticed, Howlett, Inc., rented the crane with its foreman and operator to Murphy, Cook & Company, who were the contractors engaged in unloading the vessel. The engineer controlled its movements and the attached bucket, under directions, however, of an employee of the latter. The operator stationed on the lighter, standing alongside, could not de-

termine whether the bucket should be moved across the deck to the chute for unloading into the cars on the wharf, as they were beyond his line of vision. For orders as to this he depended on the hatch tender, employed for that purpose by Murphy, Cook & Co. The jury has found his signal to hold the bucket, in the present instance, was disregarded, and, as a result, the second employee of the stevedores injured, which, for present purposes, must be taken as true, in view of the verdict of the jury. Under these circumstances, is defendant liable for the loss sustained by reason of the negligent management of the crane?

If Howlett, Inc., were independent contractors, and the employee of Murphy, Cook & Co. was injured by the careless act of the crane operator employed by the former, then a recovery could be had against it: McKnight v. Kresge Co., 285 Pa. 489; Fuller & Co. v. McCloskey, 228 U. S. 194. Whether this relation existed is for the jury, when there is a real dispute as to the facts (Hass v. P. & S. Mail Steamship Co., 88 Pa. 269), but it is one of law where there is no conflict, as here: Fuller & Co. v. McCloskey, supra. The undisputed evidence shows the work of unloading was to be performed by Murphy, Cook & Co., which had charge not only of the result but also of the manner and means of its accomplishment. It hired for temporary service the appliance of defendant, with its operators, but the same was employed under its direction in the furtherance of its business. Howlett, Inc., were paid compensation for the hourly use of the crane and those who managed it, but, for the time being, it was subject to the control of the stevedores.

An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed. The question is: "Was the act in the business in which the master is in control as a proprietor, so that he can at any

time stop or continue it, and determine the way in which it shall be done, not merely in reference to the result reached, but in reference to the method of reaching the result?": Byrne v. Hitner Sons Co., 290 Pa. 225, 230. One may still be an independent contractor though certain supervision is reserved to the hirer for the purpose of seeing that a desired result is reached, such as the retention of the power to fix the time or place of doing the work, or its quantity (Brooks v. Buckley & Bank, 291 Pa. 1; 39 C. J. 1320), so long as the one employed to perform the service is not deprived of proceeding to reach the desired end according to his own initiative: Simonton v. Morton, 275 Pa. 362.

If, as here, not only the result, but the manner of attaining it, remains with the employer, such relation does not exist. The payment of compensation, whether by a lump sum for the whole, or at a fixed rate by the hour, or some other manner, though not conclusive, is a circumstance to be considered in determining whether there is an independent contract (39 C. J. 1321), as is the fact that the employment is for no definite period, but that the one hired can be discharged at any time: Flaharty v. Trout, 290 Pa. 315. Having in view the principles stated, it cannot be said that Howlett, Inc., was an independent contractor for the purpose of unloading the vessel, but was employed by the stevedores to assist in carrying out their obligation. It hired appliances to be used for and under the direction of the latter, and cannot be charged as such with liability for the negligence of the servant in charge of the hoisting machine.

Murphy, Cook & Co. rented the crane and its operator for a fixed compensation, dependent on the time during which it remained in service, and it, with the engineer and foreman, came temporarily within its employ. As was said by Justice Moody, in Standard Oil Co. v. Anderson, 212 U. S. 215, followed by Justice Hughes, in Fuller & Co. v. McCloskey, supra: "It sometimes happens that one wishes a certain work to be done for his

benefit, and neither has persons in his employ who can do it, nor is willing to take such persons into his general service. He may then enter into an agreement with another. If that other furnishes him with men to do the work and places them under his exclusive control in the performance of it, those men become pro hac vice the servant of him to whom they are furnished." Under such circumstances, the servant of the first employer becomes, for the time being, that of the second, and the latter is responsible, if any one is, for his negligent acts while so engaged.

The doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong at the time, and in respect to the very transaction out of which the injury arose; and a servant employed and paid by one person may nevertheless be the servant of another in a particular transaction even when the general employer is interested in the work: Higgins v. Western Union Tel. Co., 156 N. Y. 75, 50 N. E. 500. We have had occasion to review the authorities in Pennsylvania, dealing with the responsibility of the hiring master, or the one to whom the servant is temporarily lent, in Robson v. Martin, 291 Pa. 426, and our decisions dealing with the subject need not be again referred to.

The rule stated is firmly established, and has been applied under circumstances such as are here presented. Thus, the owner of a vessel has been held to be the one liable for the negligence of his servant in managing a hoisting winch, causing injury to an employee of the stevedore: Standard Oil Co. v. Anderson, supra, citing Murray v. Currie, L. R., 6 C. P. 24; The Thelma, 194 Fed. 224; The Strathallan, 184 Fed. 474. If, however, there be an independent contract with another to load or unload the vessel, he stands in the same position as an owner who undertakes the work, and is liable to those

who bear the relation of servant toward him, for want of proper care, and this responsibility extends to those who are hired for temporary service. In such case, the general employer is not responsible while his employee is under the control of the one to whom he has been let. Here, Murphy, Cook & Co. were stevedores under a contract to unload. The negligent crane operator, though in the general service of Howlett, Inc., was temporarily the servant of the one who hired, and, while so engaged, the latter is not responsible for the engineer's lack of due care, but the one for whom he is acting for the time is, if any one. In Donovan v. Laing, L. R., 1 Q. B. (C. A.) 629, cited with approval in Puhlman v. Excelsior Cab Co., 259 Pa. 393, Standard Oil Co. v. Anderson, supra, and many other American courts, the same facts were presented as now before us, and the nonliability of the owner of the appliance, let with the negligent operator to a stevedore, affirmed. The opinions of the three judges, filed in the case referred to, lucidly discuss the legal principles controlling, and applicable here.

An examination of the many authorities dealing with responsibility for injury, where one is injured by the falling of an object during the course of placing or removing a cargo from a ship (note to 44 A. L. R. 1116), will show the respective decisions to depend on the determination as to who, at the time of the accident, had control of the work in which the servant was engaged. If it was under the direction, generally or temporarily, of the one having supervision of the general undertaking, he is held responsible. In the case before us, the crane and its operator were let for use to the stevedore, who had charge of the unloading, and they were under its direction. The hatch tender, an employee of the hirer, gave the signal for movement to the engineer, and the latter, for the time being, was the servant of Murphy, Cook & Co. It is the one, therefore, which must be looked to if any recovery is to be had, and not the de-

fendant, Howlett, Inc., who had no supervision of the work to be performed.

Appellant suggests that the improper movement of the bucket across the deck, controlled by signal of the hatchman, was not the sole cause of the injury, but it was due in part to the failure of the engineer to close the bucket, as a result of which clay fell and injured plaintiff. If there was negligence on the part of the crane operator in failing to do so, it was that of the temporary servant of the stevedore, as we have said. We do not understand the claim now made to be that there was any defect in the machinery supplied by Howlett, Inc. The case was not tried on such theory below, and the contention is not supported by the evidence. The court stated in its charge to the jury, without objection or exception by plaintiff: "This bucket came up with the jaws somewhat apart. It is not contended by plaintiff that there was any negligence in that." It is too late for appellant to alter the legal position from the basis on which the case was tried: Consolidated Cigar Corp. v. Corbin, 285 Pa. 273.

A careful examination of the record convinces us that the proper conclusion was reached by the trial court, and the assignments of error are overruled.

The judgment is affirmed.