## Walters *v.* Kaufmann Department Stores, Inc., Appellant.

234

Argued March 28, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*D. H. McConnell,* for appellant.

*John Duggan, Jr.,* with him *Harry Shapera,* for appellee.

OPINION BY MR. JUSTICE DREW, April 17, 1939:

Plaintiff, Mrs. Lillian Walters, brought this common-law action to recover damages for injuries caused by the alleged negligence of defendant, Kaufmann Department Stores. The trial judge directed a verdict for defendant on the ground that plaintiff was an employee of defendant at the time the accident occurred, and therefore her sole remedy was under the Workmen's Compensation Act of June 2, 1915, P. L. 736. The court en banc, however, held that since the testimony developed a dispute of fact as to whether Mrs. Walters was an employee of defendant, the case should have been submitted to the jury, and thereupon entered an order granting plaintiff's motion for a new trial. From this order defendant has appealed.

A close examination of the record reveals no abuse of discretion or error of law which would warrant us in disturbing the action of the court below. As used in the Workmen's Compensation Act the terms "employer" and "employe" are synonymous with "master" and "servant" (sections 103 and 104). In determining whether plaintiff was a servant of defendant the essential test is whether she was subject to defendant's control or right of control not only with regard to the work to be done but also with regard to the manner of performing it: *Venezia v. Philadelphia Electric Co.,* 317 Pa. 557; Skinner, Pennsylvania Workmen's Compensation Law (3rd ed.) 62. When the testimony is considered in the light most favorable to plaintiff, as it must be, it is apparent that the jury might well have found that she was not subject to defendant's control so as to make her a servant of that company.

Prior to her injury, Mrs. Walters had considerable experience as a demonstrator of wares for concerns in the

display rooms of department stores in various cities. Mr. Lang, an agent of the Carrollton Steel Company, of Carrollton, Ohio, urged her to leave New York to come to Pittsburgh for the purpose of demonstrating certain stainless steel kitchen products of his company at defendant's store for a period of two weeks. Thereafter, plaintiff came to Pittsburgh, accepted Mr. Lang's offer, and assumed her duties as a demonstrator for the Carrollton Company. While she was working in this capacity in defendant's store, the accident occurred. Mrs. Walters' testimony indicates that she never talked about employment or wages with anyone connected with defendant. Her salary was fixed by the Carrollton Steel Company, and was paid to her out of money forwarded by it to defendant. The fact that the Carrollton Steel Company paid her wages, although by no means decisive in determining whose employee she was, is some indication that it intended to retain control over Mrs. Walters, and hence that it and not defendant was her employer: *Sgattone v. Mulholland & Gotwals, Inc.*, 290 Pa. 341; *Persing v. Citizens Traction Co.*, 294 Pa. 230. When she began work as a demonstrator, she was not required to give references or any of the usual information required by defendant of prospective employees. She testified that only Mr. Lang had authority over the length of time she was to work, and that he alone had the power to discharge her. Defendant's own witness admitted that had the Carrollton Steel Company wished to discharge her, defendant would have had no authority to prevent such action. If, as this testimony indicates, the Steel Company did have the sole right of selection and power of removal, it is some indication that she was the servant of that company and not of defendant: *McColligan v. Pennsylvania R. R. Co.*, 214 Pa. 229.

When Mrs. Walters made the agreement with Mr. Lang for the demonstration, it was he who instructed her as to the work she was to do and the manner in which it was to be performed. She testified that she followed

his instructions, and in response to the question, "Did anybody else have authority to change those instructions?" she answered, "No." That it was the Carrollton Steel Company and not defendant who had the right of control is further demonstrated by the following testimony: "Q. Did anybody other than Mr. Lang give you instructions while you were there? A. No. Q. Were you required to report to anybody in particular in the store? A. No. Q. Was there anybody in that store in authority over you at all? A. No. Q. Did you report to any particular one for orders? A. No."

Defendant attempted to show that Mr. Ertle, an assistant buyer of the defendant company, was in charge of the work performed by Mrs. Walters. Plaintiff testified, however, that Mr. Ertle was not her "boss," and that he had no authority to alter the instructions given her by Mr. Lang. In fact her testimony further shows that Mr. Ertle himself constantly referred to Mr. Lang as her "boss." The nature of her work was not such that it would require an agent of the Carrollton Company to be present at all times to supervise all the details of the demonstration. She had already been told what to do and how to do it and, according to her statements, that company alone could control her actions. The mere fact that she may have complied with rules made by defendant for the general policing of the premises does not indicate that she was defendant's servant: Restatement of Agency, sec. 220, comment h. The plain inference from Mrs. Walters' testimony is that defendant merely furnished the Carrollton Steel Company a place where its employees, of whom plaintiff was one, might work under its own supervision and direction.

It is thus apparent, accepting plaintiff's testimony as true, that the Carrollton Company did not relinquish the right to direct Mrs. Walters in her work, and the jury would have been justified in finding that the Carrollton Company alone was plaintiff's employer at the time of the accident. Since the evidence on the issue of

238

employment was conflicting the court below properly ruled that the case should not have been taken from the jury: *Rosen v. Diesinger*, 306 Pa. 13.

Order affirmed, costs to be paid by appellant.