DiGregorio, Admr., Appellant, *v.* Berg.

Argued December 3, 1947; reargued April 21, 1948.
Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON,
STEARNE and JONES, JJ.

*Daniel G. Murphy,* with him *Benjamin H. Hellman*
and *Louis Sherr,* for appellant.

*Herbert S. Levin,* for appellee.

OPINION BY MR. JUSTICE DREW, May 24, 1948:
Plaintiff, Lawrence DiGregorio, Administrator of
the Estate of Carmen DiGregorio deceased, brought
suits in trespass to recover damages for the fatal injury
of his decedent sustained when he was struck by a
truck, owned by defendant, Alice J. Daniels, and driven
by defendant, William H. Skinner. At the time of the

accident, the truck and its driver were under hire to the other defendant, Morris Berg.

The actions against these three defendants were consolidated and tried together. A compulsory nonsuit was entered as to Mrs. Daniels, the owner of the truck, at the conclusion of plaintiff's case. The jury returned verdicts against the other defendants, and, thereafter, the learned court below granted Berg's motion for a new trial, vacated the nonsuit entered as to Mrs. Daniels, and refused Skinner's motions for judgment n. o. v. and for a new trial. Upon the entry of judgments on the verdicts against Skinner, he and Mrs. Daniels appealed to this Court. We affirmed the judgments against Skinner and quashed the appeals of Mrs. Daniels (351 Pa. 441, 41 A. 2d 649).

The suits against Mrs. Daniels and Berg were again tried together, the sole issue being whether Skinner, the driver of the truck when the accident occurred, was the servant of Mrs. Daniels, or of Berg, or of both. The jury found that he was the servant of both. The court below granted Berg's motion for judgment n. o. v., but refused Mrs. Daniels' motions for judgment and for a new trial. This appeal by plaintiff then followed.

Viewing the evidence in the light most favorable to plaintiff, the following facts as to the agency of Skinner appear: Mrs. Daniels, who was in the business of general hauling, owned the truck involved in the accident. The hauling service rendered by her included the furnishing of a driver and a truck. She hired Skinner and paid him an agreed weekly wage. He was not paid by anyone else. She gave him his instructions as to what jobs he should execute and the manner of performance of his duties. She was the only person who could discharge him. She bought and paid for all gasoline, oil and other supplies used in the truck's operation, and all repairs, maintenance and service charges were paid by her.

On November 11, 1942, the day plaintiff's decedent was injured, Berg, a dealer in livestock, made an oral contract with Mrs. Daniels, for the hauling of a load of ten steers, owned by him, from a farm in Galena, Maryland, to a slaughter house in Philadelphia. The price of $18 was agreed upon for such hauling. Mrs. Daniels, under this arrangement, sent her truck and Skinner, her driver, to Galena. After he had loaded the cattle and was on his way to Philadelphia, Skinner picked up Berg at Middletown, Delaware. The truck, with Berg on the front seat, proceeded to Philadelphia, where the accident occurred. Berg did not tell the driver how fast to drive nor the road to be followed.

As to the doctrine of respondeat superior, we said, in *Blakey v. Capanna,* 349 Pa. 144, 147-8, 36 A. 2d 789: "Under these circumstances, the burden of proof is upon plaintiff to show that the principle of respondeat superior applies: Matlack v. Chalfant, 69 Pa. Superior Ct. 49. 'The presumption is that if the injury happened while the driver was operating the truck it was in the original master's business, as it occurred in doing the specific thing the driver was engaged by the owner to do, and to whom the driver was directly responsible': Thatcher v. Pierce, 281 Pa. 16, 21, 125 A. 302. It is well-settled that the distinguishing criterion in determining whether the employment is an independent one establishing the relation of contractor and contractee, or that of master and servant, is the right to control the means of accomplishing the result: Lenhart v. Emmons & Co., 99 Pa. Superior Ct. 180. It is practically decisive of his independence, if the contractor employs, pays and has full power to control the workmen: Simonton v. Morton, 275 Pa. 562, 119 A. 732, 14 R. C. L. 71."

Carefully examining the record, we find nothing here to support a finding that Skinner was the servant of anyone other than Mrs. Daniels. The testimony utterly fails to rebut the presumption that when this fatal acci-

dent happened, Skinner was the servant of Mrs. Daniels alone. We are mindful of the principle, set forth in *Lang v. Hanlon*, 302 Pa. 173, 178, 153 A. 143, that: "If it is not clear from the evidence which of the defendants was the controlling master, then, inasmuch as the business of both was benefited, the question is for the jury to find, if they can, who exercised supervision and control at the time of the accident." Here, however, the evidence shows unquestionably that the controlling master of the driver at all times was Mrs. Daniels. She hired and paid him and retained complete power of direction as to the truck's operation.

We agree with the learned court below that: "The mere fact that Berg rode on the truck and could have indicated the destination or route to be taken, does not make him responsible for its operation, for in fact instructions as to loading point and destination could come only from the owner of the goods to be transported. There was not such interference, or right of interference, with the control, operation or management of the truck as to make Berg the master of Skinner as driver." In this connection, it was aptly said, in *Wright v. Wilson Company*, 83 Pa. Superior Ct. 487, 489: "The direction to one engaged in 'general hauling' to haul property to or from a specified place does not change the nature of, or convert a special employment into the general relation of master and servant; a man does not become answerable for the negligence of a taxi-cab driver, or of a carrier merely by specifying where he wishes to go or to have his property delivered."

For these reasons, we are convinced that the assignment of error must be overruled.

Judgment affirmed.