373 Pa. 593 (1953)
Mature
v.
Angelo, Appellant.
Supreme Court of Pennsylvania.
Argued April 23, 1953.
May 25, 1953.
*594 Before STERN, C.J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.
*595 Thomas E. Comber, Jr., with him William R. Klaus and Pepper, Bodine, Stokes & Hamilton, for appellant.
Robert M. Bernstein, with him Isadore H. Bellis and Maurice H. Brown, for appellee.
OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 25, 1953:
The law governing tort liability arising from the negligence of a "borrowed" employe is so well established in this Commonwealth that, when applied to the present facts, there is no question but that the case was correctly decided by the court below.
The principles  so many times proclaimed and reiterated  may be stated categorically as follows:
1. One who is in the general employ of another may, with respect to certain work, be transferred to the service of a third person in such a way that he becomes, for the time being and in the particular service which he is engaged to perform, an employe of that person: Robson v. Martin, 291 Pa. 426, 430, 431, 140 A. 339, 341; McGrath v. Edward G. Budd Manufacturing Co., 348 Pa. 619, 622, 36 A. 2d 303, 304, 305; McConnell v. Williams, 361 Pa. 355, 360, 65 A. 2d 243, 245; Standard Oil Co. v. Anderson, 212 U.S. 215, 220; Restatement, Agency, § 227.
2. The crucial test in determining whether a servant furnished by one person to another becomes the employe of the person to whom he is loaned is whether he passes under the latter's right of control with regard not only to the work to be done but also to the manner of performing it: Venezia v. Philadelphia Electric Co., 317 Pa. 557, 559, 177 A. 25, 26; Walters v. Kaufmann Department Stores, Inc., 334 Pa. 233, 235, 5 A. 2d 559, 560; Dunmire v. Fitzgerald, 349 Pa. 511, *596 516, 37 A. 2d 596, 599; Siidekum, Admr., v. Animal Rescue League of Pittsburgh, 353 Pa. 408, 413, 414, 45 A. 2d 59, 61; DiGregorio, Admr., v. Berg, 359 Pa. 376, 379, 59 A. 2d 80, 81; McConnell v. Williams, 361 Pa. 355, 359, 65 A. 2d 243, 245; Pennsylvania Smelting & Refining Co. v. Duffin, 363 Pa. 564, 565, 70 A. 2d 270; Funk v. Hawthorne, 138 F. 2d 686, 688 (C.C.A. 3).
3. A servant is the employe of the person who has the right of controlling the manner of his performance of the work, irrespective of whether he actually exercises that control or not: Dunmire v. Fitzgerald, 349 Pa. 511, 516, 37 A. 2d 596, 599; Siidekum, Admr., v. Animal Rescue League of Pittsburgh, 353 Pa. 408, 414, 45 A. 2d 59, 61; Pennsylvania Smelting & Refining Co. v. Duffin, 363 Pa. 564, 565, 566, 568, 70 A. 2d 270, 271.
4. Where one is engaged in the business of renting out trucks, automobiles, cranes, or any other machine, and furnishes a driver or operator as part of the hiring, there is a factual presumption that the operator remains in the employ of his original master, and, unless that presumption is overcome by evidence that the borrowing employer in fact assumes control of the employe's manner of performing the work, the servant remains in the service of his original employer: Thatcher v. Pierce, 281 Pa. 16, 21, 125 A. 302, 303; Funston v. Ingenito 282 Pa. 124, 127 A. 470; Lang v. Hanlon, 302 Pa. 173, 177, 153 A. 143, 145; Blakey, Admrx., v. Capanna, 349 Pa. 144, 147, 36 A. 2d 789, 790; DiGregorio, Admr., v. Berg, 359 Pa. 376, 378, 379, 59 A. 2d 80, 81; Pennsylvania Smelting & Refining Co. v. Duffin, 363 Pa. 564, 567, 70 A. 2d 270, 271; Matlack v. Chalfant, 69 Pa. Superior Ct. 49; Wright v. A. & S. Wilson Co., 83 Pa. Superior Ct. 487; Festi v. Proctor & Schwartz, 107 Pa. Superior Ct. 349, 359, 163 A. 354, 357; Healey v. Carey, Baxter & Kennedy, Inc., 144 Pa. *597 Superior Ct. 500, 504, 19 A. 2d 852, 854; Standard Oil Co. v. Anderson, 212 U.S. 215; George A. Fuller Co. v. McCloskey, 228 U.S. 194; Funk v. Hawthorne, 138 F. 2d 686, (C.C.A. 3); Restatement, Agency, § 227, comment b.
5. Facts which indicate that the servant remains the employe of his original master are, among others, that the latter has the right to select the employe to be loaned and to discharge him at any time and send another in his place, that the lent servant has the skill of a technician or specialist which the performance of the work requires, that the hiring is at a rate by the day or hour, and that the employment is for no definite period: Bojarski v. M.F. Howlett, Inc., 291 Pa. 485, 489, 140 A. 544, 545; Dougherty v. Proctor & Schwartz, 317 Pa. 363, 364, 176 A. 439, 440; Walters v. Kaufmann Department Stores, Inc., 334 Pa. 233, 236, 5 A. 2d 559, 560; Pennsylvania Smelting & Refining Co. v. Duffin, 363 Pa. 564, 568, 70 A. 2d 270, 271; Festi v. Proctor & Schwartz, 107 Pa. Superior Ct. 349, 357, 163 A. 354, 356; Healey v. Carey, Baxter & Kennedy, Inc., 144 Pa. Superior Ct. 500, 504, 19 A. 2d 852, 854, 855; Funk v. Hawthorne, 138 F. 2d 686, 688 (C.C.A. 3); Restatement, Agency, § 227, comment c.
6. The mere fact that the person to whom a machine and its operator are supplied points out to the operator from time to time the work to be done and the place where it is to be performed does not in any way militate against the continuance of the relation of employe and employer between the operator and his original master: Scheer v. Melville, 279 Pa. 401, 404, 123 A. 853, 854; Thatcher v. Pierce, 281 Pa. 16, 20, 125 A. 302, 303; Funston v. Ingenito, 282 Pa. 124, 127 A. 470; Bojarski v. M.F. Howlett, Inc., 291 Pa. 485, 489, 140 A. 544, 545; Lang v. Hanlon, 302 Pa. 173, 177, 153 A. 143, 145; Blakey, Admrx., v. Capanna, 349 *598 Pa. 144, 148, 36 A. 2d 789, 791; DiGregorio v. Berg, 359 Pa. 376, 380, 59 A. 2d 80, 81; Pennsylvania Smelting & Refining Co. v. Duffin, 363 Pa. 564, 568, 569, 570, 70 A. 2d 270, 272; Johnson, Admr., v. Angretti, 364 Pa. 602, 609, 73 A. 2d 666, 670; Matlack, v. Chalfant, 69 Pa. Superior Ct. 49; Wright v. A. & S. Wilson Co., 83 Pa. Superior Ct. 487; Healey v. Carey, Baxter & Kennedy, Inc., 144 Pa. Superior Ct. 500, 504, 505, 19 A. 2d 852, 855; Standard Oil Co. v. Anderson, 212 U.S. 215; George A. Fuller Co. v. McCloskey, 228 U.S. 194, 202; Funk v. Hawthorne, 138 F. 2d 686, 688 (C.C.A. 3).
7. Where the facts are not in dispute, and the evidence leaves no sufficient ground for inconsistent inferences therefrom, the question as to who is the servant's employer is a matter for the determination of the court, but, where the evidence presents an issue of fact, or different inferences can reasonably be drawn therefrom, the question is one for determination by the jury: Bojarski v. M.F. Howlett, Inc., 291 Pa. 485, 488, 140 A. 544, 545; Walters v. Kaufmann Department Stores, Inc., 334 Pa. 233, 237, 238, 5 A. 2d 559, 561; Joseph v. United Workers Association, 343 Pa. 636, 639, 23 A. 2d 470, 472, 473; McGrath v. Edward G. Budd Manufacturing Co., 348 Pa. 619, 622, 36 A. 2d 303, 304; Dunmire v. Fitzgerald, 349 Pa. 511, 516, 37 A. 2d 596, 599; Siidekum, Admr., v. Animal Rescue League of Pittsburgh, 353 Pa. 408, 414, 45 A. 2d 59, 62; Kissell v. Motor Age Transit Lines, Inc., 357 Pa. 204, 209, 53 A. 2d 593, 595, 596; McConnell v. Williams, 361 Pa. 355, 360, 361, 65 A. 2d 243, 245, 246; Johnson, Admr., v. Angretti, 364 Pa. 602, 607, 73 A. 2d 666, 669.
The essential facts in the present case are not in dispute. Indeed they were mostly elicited from defendant *599 himself on cross-examination. Stated as concisely as possible they are as follows:
John Meehan and Son (hereinafter called Meehan) were engaged in fulfilling a large scale construction contract with the Philadelphia Electric Company for the laying of a conduit pipeline under certain streets in Philadelphia. For the purpose of moving the dirt and debris thrown up by the excavation work they rented from the defendant, Nicholas Angelo, a so-called front-type loader together with its operator. It was a large, tractor-like machine with a scoop or bucket attached to its front end. Defendant was in the regular business of renting out trucks, loaders and similar equipment and supplying the operators thereof. He could have sent to Meehan any operator he pleased; Meehan had no choice in the selection. In this instance he sent one Ferrigno, who was in his regular employ; defendant fixed and paid his wages, deducted therefrom federal and city wage taxes and social security contributions; defendant alone could discharge him; he could also recall him at any time from the Meehan assignment and put another operator there in his place. Meehan paid to defendant $50.00 per day for the use of the loader and the services of the operator. Defendant remained at all times responsible for the maintenance and repair of the machine.
The loader was a heavy, expensive piece of mechanical equipment and required a skilled man to operate it. Ferrigno was the only person who did handle it throughout its use by Meehan; none of the latter's employes would have been technically qualified to do so.
The work in which Meehan was engaged went on for several months, during which time the loader, with Ferrigno operating it, was in more or less constant use. *600 The Meehan foreman would point out to him from time to time what dirt was to be picked up by the loader and where it was to be placed. Defendant visited the job daily to see that the loader was working properly and that Ferrigno was performing his duty.
The accident happened in this manner. The plaintiff, Angelo Mature, was in Meehan's employ and on the afternoon in question was engaged in sweeping dirt with a broom from the surface of the highway into a ditch which was being filled after the pipe had been laid therein. While he was thus occupied, Ferrigno, who was operating his loader forwards and backwards dumping dirt into a truck, suddenly backed it on this occasion, and, without warning of his approach, struck the plaintiff. One of the wheels went over plaintiff's foot causing severe injury. He brought action against defendant to recover damages and obtained a verdict in his favor of $30,000. Defendant filed a motion for judgment n.o.v. which was overruled. On defendant's present appeal the only question presented is whether Ferrigno was defendant's employe at the time of the accident.
The above recital of the facts obviously reveals that this is an ordinary, typical case of the renting of a machine with an operator specially skilled for the purpose from one who is in the business of renting out such machines and operators, where neither the person renting such machine and operator, nor his own employes, are competent to run such a machine and merely direct the operator concerning the work to be done,  not the manner of performing it. Of course, anyone who engages the service of a technician or specialist for the performance of a particular job must of necessity indicate to him from time to time the work that he wishes done and for which he has engaged him; in accordance, however, with the foregoing statement of *601 the applicable legal principle, the giving of such directions does not bring the hired servant into his employ and make him responsible for the performance of the work. Here it was for the Meehan foreman or other employe to point out to Ferrigno as occasion demanded the piles of dirt that were to be picked up and deposited in the ditch or loaded on the trucks; it was then for Ferrigno so to maneuver his loader and so to manipulate its bucket as to accomplish the work which he was thus called upon to perform. If in such maneuvering or manipulation,  in other words, in the mechanical operation of the machine  he, by an act of negligence, caused damage or injury, the responsibility therefor justly, and according to all the authorities, fell upon defendant, his employer, who furnished him as a skilled operator to Meehan, and not upon Meehan who had no control whatever over his operation of the machine. While there was evidence that defendant every day came on the job to see whether Ferrigno was giving proper service, such oversight was not a necessary circumstance in the case to establish defendant's liability; it was not his actual exercise of control over Ferrigno's operation of the loader, but his right to exercise it that imposed liability upon him. Nor is there a shred of evidence that he ever relinquished that right, or, on the other hand, that Meehan ever assumed such control, or, through his foreman or other employes, ever directed or interfered with Ferrigno in his operation of the machine.
Authorities relied upon by defendant,  Robson v. Martin, 291 Pa. 426, 140 A. 339, Bojarski v. M.F. Howlett, Inc., 291 Pa. 485, 140 A. 544; Lang v. Hanlon, 305 Pa. 378, 157 A. 788; Venezia v. Philadelphia Electric Co., 317 Pa. 557, 177 A. 25; McGrath v. Edward G. Budd Manufacturing Co., 348 Pa. 619, 36 A. 2d 303, and Ramondo v. Ramondo, 169 Pa. Superior *602 Ct. 102, 82 A. 2d 40,  are all cases the decisions in which were based upon the fact that the person borrowing the servant actually took over control of the servant's execution of the work and thus, under the well-known test as to what constitutes the relation of master and servant, made himself liable for the servant's negligence. As already stated, no such control was here taken by Meehan.
Since none of the essential facts was in dispute at the trial the court could properly have instructed the jury that, under those facts, Ferrigno remained the employe of defendant, who was therefore liable if the jury found (as they did) that Ferrigno was negligent. The court, however, presumably from an abundance of caution, left the question to the jury, which found that that relation between defendant and Ferrigno did continue. Defendant, therefore, is not in a position to question whether the court or the jury was the proper tribunal to decide that issue.
Judgment affirmed.