## Craig *v.* Ebensburg Borough, Appellant

582

Argued November 13, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Clarence E. Davis*, with him *Lawrence L. Davis* and *Davis & Davis*, for appellant.

*Thomas A. Swope*, with him *Shettig, Swope & Shettig*, for appellees.

OPINION BY GUNTHER, J., January 21, 1958:

This appeal is from the lower court's refusal to grant motions for judgment n.o.v. and new trial.

The Borough of Ebensburg, on July 1, 1941, acquired title to Lake Rowena situate in Cambria Township and Borough of Ebensburg. The Commonwealth of Pennsylvania then acquired title to this land on October 24, 1946 and constructed a dam upon it. On September 14, 1951 the Borough, under an agreement with the Commonwealth, assumed responsibility to care, supervise, maintain and preserve the property. When the Borough assumed this responsibility the spillway on the breastworks was not of sufficient height and this matter was brought to the attention of the Department of Forests and Waters. The department prepared specifications for twelve inch flashboards on the spillway which were furnished and paid for by the Commonwealth of Pennsylvania.

Plaintiffs instituted an action in trespass to recover damage to their property which they alleged was caused by the water backing up as it was raised by the flashboards. The jury returned a verdict in favor of plaintiffs in the sum of $3,600; this was later reduced by remittitur to $3,500.

The court denied motion for judgment n.o.v. and directed plaintiffs to file a remittitur agreeing to accept

$2,000; otherwise a new trial would be granted. Plaintiffs agreed to accept $2,000.

Did the lower court properly refuse to grant motion for judgment n.o.v.?

The testimony disclosed that prior to the flooding of the property one of the plaintiffs talked with several councilmen at a meeting held on the park grounds and advised them that if they erected twelve inch flashboards on the spillway of the dam, the water would back up and flood plaintiffs' property. The testimony also shows that defendant's employees worked on the spillway erecting flashboards and later made them watertight.

Defendant contends that it did not have whole and exclusive care, supervision, maintenance and preservation, that the dam and spillboard or flashboards were constructed by the Department of Forests and Waters, and that it had nothing to do with the water being raised or backing up on plaintiffs' property.

The agreement between the Borough of Ebensburg and the Commonwealth of Pennsylvania included, inter alia, the following paragraphs:

"The Borough of Ebensburg, Cambria County, Pennsylvania, does agree:

"1.   To assume responsibility for the care, supervision, maintenance and preservation of the aforesaid park situate partly in the Borough of Ebensburg and partly in Cambria Township, Cambria County, Pennsylvania, including the dam and lake situate therein.

"2.   To administer the said park at all times during the continuance of this agreement in conformity with such rules and regulations as may be promulgated from time to time by the Secretary of Forests and Waters which rules and regulations shall not be unreasonable. . . .

"The Department of Forests and Waters agrees:

"1. To render such professional advice and assistance as may be requested by the proper officers of the Borough of Ebensburg in the performance of the Borough's duties under this Agreement."

On page 34a appears this testimony: "Q. Now during 1953, Mr. Craig, did you see any employees of the Borough of Ebensburg working on any portion of Lake Rowena? A. Yes sir; I seen them working on it. Q. What portion did you see them working on? A. I seen them working at the breast and all around there. Q. And what were they doing down on the breast? A. Putting a flashboard on. Q. Will you explain to the jury what a flashboard is? A. A flashboard is a board they put on to make the water deeper in the dam, 12 inches high; and that backed the water."

On page 45a the testimony continues: "Q. Did you ever see Borough employees working on the spillway of the dam after the first time you were flooded out, Mr. Craig? A. Yes. It wasn't holding water very good so they went down there and stuck rope in around the cracks. Q. What cracks? A. The cracks in the flashboard. Underneath it was getting away some. Q. Did they make the flashboard water tight by doing that? A. They made it water tight, yes sir."

Defendant argues that the placing of flashboards on the spillway of the lake does not come within any of the terms of care, supervision, maintenance and preservation, that the words in the agreement do not specify the placing of flashboards, and that the lower court in interpreting the agreement should have ruled that defendant was not responsible as a matter of law. The evidence, however, reveals that the defendant by resolution expressed its willingness and desire to assume full administrative responsibility of said park. The

Department of Forests and Waters agreed to render professional advice and assistance as may be requested by the proper officers of the borough.

If the evidence is contradictory or if it fails to present the facts fully, so that inferences are to be drawn or the credibility of witnesses is to be settled, the evidence must go to the jury. The testimony that defendant's employees erected the flashboards and later made them water tight was properly submitted to a jury. The Supreme Court in *Mature v. Angelo,* 373 Pa. 593, 97 A. 2d 59 held that where the facts are not in dispute, and the evidence leaves no sufficient ground for inconsistent inferences therefrom, the question as to who is the servant's employer is a matter for the determination of the court, but, where the evidence presents an issue of fact, or different inferences can reasonably be drawn therefrom, the question is one for determination by the Jury. Defendant then argues that it cannot be liable for a tort committed by its employees if the employees were acting outside the scope of their authority.

The test of the liability of a master for tortious act of his servant is whether there was express or implied authority for doing the act relied upon by the plaintiff. The employees erected the flashboards while in the employment of the defendant and upon its premises.

In view of the written agreement the lower court committed no error in submitting the matter to a jury. The jury was justified in finding that the flashboards were erected by the Borough even though the specifications, plans and work were under the supervision of the Commonwealth's engineers. The instant case is distinguishable from *Valley Forge Gardens v. Morrissey, Inc.,* 385 Pa. 477, 123 A. 2d 888, where an independ-

ent contractor who constructed a highway fill across a stream was held not liable for damages to ponds. The contractor there performed his contract with the Commonwealth in accordance with its specifications; the act which caused the damage was the act of the Commonwealth. Here it was the act of the borough. In view of the evidence the question was properly submitted to the jury.

Two reasons were advanced in support of the motion for a new trial. (1) That the plaintiff should not have been permitted to cross-examine the borough's superintendent, Robert Wasser, as to who erected a boat house at the side of the dam; and (2) That it was improper for plaintiff's counsel to argue to the jury that members of the borough council were not present in court, whereas, the defendant's counsel contends that the President and Secretary of Council were in the courtroom during the larger portion of the trial.

The construction of a boat house for housing boats on the lake was a compatible and similar act to show a course of conduct of "care, supervision, maintenance and preservation."

Defendant did not object to the alleged remarks or move for the withdrawal of a juror.

In a civil action comment on the failure of a party to be present at the trial is not improper. 53 Am. Jur. 374-375, Trial Sec. 469. On the matter of cross-examination of the superintendent to the construction of the boat house, it tended to reveal the borough's authority under the agreement to make improvement to the dam and the park. Neither of the arguments for a new trial have merit.

Judgment is affirmed.

WOODSIDE, J., did not participate in the consideration or decision of this case.