**Prah v. Cincinnati Milicron Inc. (No. 2)**

*Anthony J. D'Amico,* for plaintiffs.

*Joseph J. Bosick,* for defendants Cincinnati Milicron Inc. & Cincinnati Milicron Marketing Co.

*Leonard R. Reeves,* for defendant Classic Industries Inc.

LOUGHRAN, *J.,* November 4, 1996—In 1992, plaintiff Jamie Prah began his employment with Olsten Temporary Services. Olsten, a staffing services industry, is in the business of supplying employees to other companies to perform temporary work assignments. The process of placing employees in these temporary assignments begins with the selection by Olsten of one of its employees to send to a particular job, based on his or her interests and test performance. Once selected,

the employees report directly to Olsten for their assignments, at which time they are told the location of the "borrowing" company, and the time to report to that company. Additionally, they are given a weekly schedule, if available.

In September of 1992, plaintiff was supplied by Olsten to a manufacturing company, defendant Classic Industries Inc., to work as an assembly clerk. His duties in this capacity, as outlined by Olsten, included working near press machines to retrieve, stack, pack, and perform quality control functions on the finished products. Additional employee guidelines were enumerated on the back of Olsten time sheets, forbidding any employees from changing job descriptions without Olsten's prior approval, and forbidding the operation of machinery by any employee without Olsten's prior written consent.

At Classic, plaintiff was originally instructed to work at a mold injection machine, where he packed plastic products into boxes. (Prah deposition at 33.) On or about September 18, 1992, plaintiff was told that he would be working on a different machine, and was trained on this new machine by an Olsten employee named Todd. While working, plaintiff was instructed to put his hand into the machine and take the plastic out, with no explanation of why it was to be pulled out, no safety instructions given, or safety devices provided. In the operation of this machine, plaintiff attempted to remove the product and was injured. Portions of his index, middle, and ring fingers of his right hand were lost in the accident.

Following his injury, plaintiff Jamie Prah and his wife, Linda Prah, filed a lawsuit against defendant Classic Industries Inc. for negligence in failing to provide proper instruction and supervision which were necessary for Mr. Prah's safety while working temporarily for

Classic. Classic answered by filing preliminary objections, arguing that, in light of the exclusivity provision of the Pennsylvania Workers' Compensation Act, plaintiffs lacked the capacity to sue Classic. These objections were denied by this court, which held that factual issues existed which concerned who controlled the plaintiff and directed his activity as an employer. As such, preliminary objections were inappropriate. Classic has now filed for summary judgment contending that it is entitled to immunity under the exclusivity provisions of the Pennsylvania Workers' Compensation Act.

Section 303(a) of the Pennsylvania Workers' Compensation Act provides the exclusivity provision on which Classic bases its argument:

"The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees . . . ." 77 P.S. 481(a) (1995).

This clause provides immunity to an employer for any and all tort actions flowing from any work-related injuries.

However, determining who is the actual employer entitled to this immunity may not be simple. Unusual circumstances may cloud the distinction between the actual employer and the "borrowing" employer.

The question of whether an employer-employee relationship exists is one of law, *based upon findings of fact. Martin Trucking Company v. Workmen's Compensation Appeal Board,* 30 Pa. Commw. 367, 373 A.2d 1168 (1977).

The law regarding borrowed employees is well established in Pennsylvania and has recently been summarized by the Supreme Court of Pennsylvania in *JFC*

*Temps Inc. v. W.C.A.B. (Lindsay and G & B Packing),* 545 Pa. 149, 680 A.2d 862 (1996) as follows:

"The law governing the 'borrowed' employee is well-established. The test for determining whether a servant furnished by one person to another becomes the employee of the person to whom he is loaned is whether he passes under the latter's right of control with regard not only to the work to be done but also to the manner of performing it. *Hamler v. Waldron,* 445 Pa. 262, 265, 284 A.2d 725, 726 (1971); *Mature v. Angelo,* 373 Pa. 593, 595, 97 A.2d 59, 60 (1953). The entity possessing the right to control the manner of the performance of the servant's work is the employer, irrespective of whether the control is actually exercised. *Mature,* 373 Pa. at 596, 97 A.2d at 60. Other factors which may be relevant include the right to select and discharge the employee and the skill or expertise required for the performance of the work. *Id.* at 597, 97 A.2d at 60. The payment of wages may be considered, but is not a determinative factor. *Venezia v. Philadelphia Electric Company,* 317 Pa. 557, 177 A. 25 (1935). Although the examination of these factors guides the determination, each case must be decided on its own facts. *Daily Express Inc. v. Workmen's Compensation Appeal Board,* 46 Pa. Commw. 434, 406 A.2d 600 (1979)." *Id.* at 153, 680 A.2d at 864.

The plaintiff contends that he reported directly to Olsten and that Olsten gave him his assignments and schedule, that Olsten paid his wages and workers' compensation, issued W-2 tax forms and made the necessary payroll deductions. Further, on the back of the time sheet, employee guidelines were noted that prohibited any employee from changing job descriptions or the

operation of any machinery without Olsten's approval. Additionally, the person who trained the plaintiff at site was an Olsten employee.

Classic contends, however, as it controlled the job that was actually done, that it was the employer. There seems to be serious disagreement as to who trained the employees. Classic says it did while Olsten contends it does prior to assignment; as to supervisors, Classic contends it supervises, while Olsten contends it does, while plaintiff contends he was supervised and trained by an Olsten employee named Todd; and as to safety procedures, Classic contends it gave the same to plaintiff while plaintiff points out that Olsten provided employee guidelines and forbad the changing of any job.

Pa.R.C.P. 1035(b) sets forth two requirements before a court may grant a motion for summary judgment. First, the record, including depositions, answers to interrogatories, pleadings, admissions and affidavits must show that there is no genuine issue as to any material fact. Second, the moving party must be entitled to judgment as a matter of law. *Mariscotti v. Tinari,* 335 Pa. Super. 599, 485 A.2d 56 (1984).

Summary judgment is appropriately granted only when the moving party demonstrates that no genuine issue exists as to any material fact, and that it is entitled to judgment as a matter of law. Indeed, summary judgment should not be entered unless the facts of the case are clear and free from doubt. *Hathi v. Krewstown Park Apartments,* 385 Pa. Super. 613, 615, 561 A.2d 1261, 1262 (1989).

When considering a motion for summary judgment, the trial court must accept as true all well-pleaded facts in the non-moving party's pleadings, and give to him or her the benefit of all reasonable inferences to be

drawn therefrom. *Wilkinson v. K-Mart,* 412 Pa. Super. 434, 603 A.2d 659 (1992).

While the question of whether an employer-employee relationship exists remains one of law, it is based upon findings of fact. As there exist genuine issues of fact that must be resolved by a fact-finder, the legal issue is not reached as all doubt must be resolved against the moving party and there can be no issue of fact to be resolved.

Accordingly, Classic's motion for summary judgment will be denied.

## ORDER

And now, to wit, November 4, 1996, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the motion of Classic Industries Inc. for summary judgment is hereby denied.